1  SEYFARTH SHAW LLP
   Brian P. Long (SBN 232746)
2  bplong@seyfarth.com
   601 South Figueroa Street, Suite 3300
3  Los Angeles, California 90017-5793
   Telephone:    (213) 270-9600
4  Facsimile:    (213) 270-9601

5  SEYFARTH SHAW LLP
   Michael Afar (SBN 298990)
6  mafar@seyfarth.com
   2029 Century Park East, Suite 3500
7  Los Angeles, California 90067
   Telephone:    (310) 277-7200
8  Facsimile:    (310) 201-5219

9  Attorneys for Defendant
   HYATT CORPORATION
10 dba HYATT REGENCY SAN FRANCISCO

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15 BRADLEY J. HASTY, an individual on behalf of      Case No.
   himself and all others similarly situated,
16                                                    **DEFENDANT HYATT CORPORATION'S**
                         Plaintiff,                   **NOTICE OF REMOVAL**
17
          v.                                          (San Francisco Superior Court,
18                                                    Case No. CGC-25-622191)
   HYATT CORPORATION dba HYATT
19 REGENCY SAN FRANCISCO, a Delaware                  Complaint Filed:    February 6, 2025
   Corporation; and DOES 1 through 50, inclusive,
20
                         Defendants.
21

22

23

24

25

26

27

28

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF, BRADLEY J. HASTY, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Hyatt Corporation ("Hyatt" or "Defendant") files this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1332(c), 1332(d)(2), 1441(a), 1446, and 1453, to effectuate the removal of the above-captioned action from the Superior Court for the County of San Francisco to the United States District Court for the Northern District of California.

This Court has original jurisdiction under 28 U.S.C. §§ 1332(c), (d)(2)—the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. § 1331 (federal question under the LMRA). Removal is proper for the following reasons.

## I.   BACKGROUND

1.     On February 6, 2025, Plaintiff Bradley J. Hasty ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of San Francisco, titled "*BRADLEY J. HASTY, an individual on behalf of himself and all others similarly situated, v. HYATT CORPORATION dba HYATT REGENCY SAN FRANCISCO, a Delaware Corporation; and DOES 1 through 50, inclusive*," Case No. CGC-25-622191 ("Complaint").

2.     On February 17, 2025, Defendant's registered agent for service of process in California received, via process server, the Summons; Complaint; Civil Case Cover Sheet; ADR Information Package; and Application for Approval of Complex Litigation Designation. A true and correct copy of the packets received by Defendant is attached hereto as **Exhibit A**.

3.     On March 19, 2025, Defendant filed its Answer to Plaintiff's Complaint in San Francisco County Superior Court. A true and correct copy of the Answer filed to Plaintiff's Complaint is attached hereto as **Exhibit B**.

4.     Defendant has not filed or received any other pleadings or papers, other than the pleadings described as Exhibit A and B, in this action prior to this Notice of Removal.

## II.   TIMELINESS OF REMOVAL

5.     The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief

upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

6.      The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

7.      This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint, by personal service on Defendant's agent for service of process, on February 17, 2025. Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery."); 28 U.S.C. § 1446(b).  Thirty (30) days from the service of the Complaint on Defendant on February 17, 2025 is March 19, 2025.

8.      Defendant's 30-day time limit to remove is triggered by Plaintiff's service of the Summons and the Complaint on February 17, 2025.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").  This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint on February 17, 2025. 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10.

9.       Plaintiff asserts **eleven (11)** causes of action in his Complaint against Defendant: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime; (3) Failure to Provide Lawful Meal Periods; (4) Failure to Authorize and Permit Rest Periods; (5) Violation of Labor Code § 226 (inaccurate wage statements); (6) Violation of Labor Code § 203 (waiting time penalties); (7) Violation of Labor Code § 204 (timely payment of wage during employment); (8) Violation of Labor Code § 221; (9) Failure to Keep Required Payroll Records under Labor Code § 1174-1174.5; (10) Failure to Reimburse Necessary Business Expenses under Labor Code § 2802; and (11) Violation of Unfair

2

Competition Law.  (Ex. A, Complaint, ¶¶ 45-120 [paragraph numbers throughout this removal are corrected to account for misnumbering in Plaintiff's Complaint].)

10.    The Complaint seeks to certify a class of "all current and former employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees of Defendant."  (Ex. A, Complaint, ¶ 1.)

11.    Plaintiff's Eleventh Cause of Action is based on an alleged violation of the Unfair Competition Law, specifically the California Unfair Competition Law ("UCL").  (Ex. A, Complaint, ¶¶ 110-120.)  The statute of limitations on Plaintiff's Eleventh Cause of Action for UCL is four years. (*See* Cal. Bus. & Prof. Code § 17208.)

12.    Plaintiff alleges that Defendant violated the UCL, §§ 17200 *et seq.*, on the following grounds:

> Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 et seq.

(Ex. A, Complaint, ¶ 117.)  Plaintiff further alleges that the conduct asserted against Defendant occurred "at least four (4) years prior to the filing of this lawsuit."  (Ex. A, Complaint, ¶¶ 17, 18, 21, 26, 27, 28.)

13.    Accordingly, for purposes of the calculations in this Notice of Removal, the "relevant time period" starting "four years prior to the filing of this lawsuit" is from **February 6, 2021** until the present.

## III.    CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL

14.    This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. Section 1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. Section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant.  28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number of putative class members is greater than 100. 28 U.S.C. § 1332(d)(5)(B); Declaration of Daniel Strittmatter in Support of Defendant's Notice of Removal ("Strittmatter Decl."), ¶ 6.

## A.    Plaintiff And Defendant Are Minimally Diverse

15.    CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).  In the instant case, Plaintiff is a citizen of a state (California) that is different from the state of citizenship of Defendant (which is a citizen of Delaware and Illinois).

### 1.    Plaintiff Is A Citizen Of California

16.    For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state").  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

17.    Plaintiff alleges that he resides in the State of California.  (Ex. A, Complaint, ¶ 4; "Plaintiff BRADLEY J. HASTY resides in California, during the time period relevant to this Complaint, and is employed by Defendants as a non-exempt hourly employee within the State of California.")  Plaintiff is a current employee at the Hyatt Regency San Francisco and has been employed by Defendant since May 18, 2011.  (Strittmatter Decl., ¶ 5.)  Plaintiff's intent to remain domiciled in California is further evident from the fact that he brought his lawsuit against Defendant in San Francisco County Superior Court.  Accordingly, Plaintiff is a citizen of California.

DEFENDANT'S NOTICE OF REMOVAL

316768501v.1

### 2. Defendant Is Not A Citizen Of California

18. Defendant is, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1). For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

19. Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware. (Declaration of Christina Urbanski in Support of Defendant's Notice of Removal ("Urbanski Decl."), ¶ 5.) Thus, for purposes of diversity jurisdiction, Defendant is a citizen of Delaware.

20. Further, as shown below, Defendant's principal place of business is, and has been at all times since this action commenced, located in the State of Illinois. (Urbanski Decl., ¶ 6.) Thus, for purposes of diversity jurisdiction, Defendant is also a citizen of Illinois.

21. The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010). Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id.* ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

22. Under the "nerve center" test, Illinois emerges as Defendant's principal place of business. Defendant's corporate headquarters are located in Chicago, Illinois where Defendant's high level officers direct, control, and coordinate Defendant's activities. (Urbanski Decl., ¶ 6.) Defendant's high level corporate officers maintain offices in Illinois, and many of Defendant's corporate level functions are performed in the Illinois office. (Urbanski Decl., ¶ 6.) Additionally, many of Defendant's executive and administrative functions, including corporate finance and accounting, are directed from the Chicago, Illinois headquarters. (Urbanski Decl., ¶ 6.)

23. Therefore, for purposes of diversity of citizenship, Defendant is, and has been at all times since this action commenced, a citizen of the State of Delaware and the State of Illinois. 28 U.S.C.

316768501v.1

1    § 1332(c)(1).  Because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and

2    Illinois, minimal diversity exists for purposes of CAFA.

3        24.    **Doe Defendants.**  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and

4    unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28

5    U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed

6    defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F.

7    3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes

8    and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant").

9    Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of citizenship for

10    removal.  Thus, the existence of "DOES 1-50" in the Complaint does not deprive this Court of

11    jurisdiction.  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied in CAFA

12    removal).

13        **B.    The Amount In Controversy Exceeds The Statutory Minimum**

14        25.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest

15    and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual members in a class action

16    are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.

17    28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under

18    CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the

19    plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages,

20    injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42

21    (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.  The Senate Judiciary Committee's Report on the final

22    version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions

23    in state or federal court should be resolved in favor of federal jurisdiction.  *Id*. at 42-43 ("if a federal

24    court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the

25    aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction

26    over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court

27    jurisdiction over class actions.  Its provision should be read broadly, with a strong preference that

28    interstate class actions should be heard in a federal court if properly removed by any defendant.").

DEFENDANT'S NOTICE OF REMOVAL

26.     **Preponderance Of The Evidence Standard.**  Plaintiff's Complaint does not allege the amount in controversy for the class he purports to represent.  Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a **preponderance of the evidence** that the amount in controversy exceeds the statutory minimum.  In *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), the U.S. Supreme Court held that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.  *Accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

27.     In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the *preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)."  Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant").  The defendant must show that it is "more likely than not" that the jurisdictional threshold is met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

28.     To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin*

1    *Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014); *see also Arias v. Residence Inn*

2    *by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval

3    presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases.  First, a

4    removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible**

5    **allegations** of the jurisdictional elements"; "An assertion that the amount in controversy exceeds the

6    jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less

7    than the requisite ... amount'") (emphasis added).

8        29.    The burden of establishing the jurisdictional threshold "is not daunting, as courts

9    recognize that under this standard, a removing defendant is not obligated to research, state, and prove

10   the plaintiff's claims for damages."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05

11   (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117

12   (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent

13   accuracy").

14       30.    It is well-settled that "the court must accept as true plaintiff's allegations as plead in the

15   Complaint and assume that plaintiff will prove liability and recover the damages alleged."  *Muniz v.*

16   *Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a

17   class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages

18   and overtime, inaccurate wage statements, and waiting-time penalties).

19       31.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal

20   context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117

21   (9th Cir. 2004); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013)

22   (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully

23   pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir.

24   2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum

25   and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only

26   required to show by a preponderance of evidence that the amount in controversy exceeds the

27   jurisdictional threshold).

28

316768501v.1

32.     **The Court Must Assume A 100% Violation Rate Based On Plaintiff's Class-Wide Allegations.**  If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations.  Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.  She did not.

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Wheatley v. MasterBrand Cabinets*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) ("Defendant and the Court must rely on assumptions regarding the rate of the alleged violations … Plaintiff does not allege that some putative class members were subject to distinct policies. The Court therefore finds the assumption that uniform … policies were applied to **all** putative class members reasonable") (emphasis added); *Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendant's 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v. The Finish Line*, 2014 WL 6982571, *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation").

33.     Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate.  *See Franke v.*

9

*Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice – or other similar language – and where the plaintiff offers no evidence rebutting this violation rate"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio, LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands, Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

34.     The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.  Plaintiff's Complaint seeks to certify, and seeks relief on behalf of, "all current and former employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees of Defendant."  (Ex. A, Complaint, ¶ 1.)

DEFENDANT'S NOTICE OF REMOVAL

Given that Plaintiff's Complaint was filed on February 6, 2025, for purposes of the calculations in this Notice of Removal the "relevant time period" is from **February 6, 2021** until the present.

35.     During the relevant time period identified in the Complaint, Defendant employed approximately 690 current and former non-exempt hourly employees at the Hyatt Regency San Francisco, who worked a total of approximately 92,531 workweeks.  (Strittmatter Decl., ¶ 6.)  The average hourly rate of pay for these individuals is approximately $32.68 per hour during the proposed class period.  (Strittmatter Decl., ¶ 6.)

36.     Plaintiff seeks to recover, on behalf of himself and the alleged class, unpaid wages and penalties for Defendant's alleged failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to pay all wages due upon resignation or termination of employment, failure to provide accurate and complete itemized wage statements, unreimbursed business expenses, and unfair business practices.  (Ex. A, Complaint.)  Plaintiff also seeks attorneys' fees and costs.  (Ex. A, Complaint, Prayer for Relief.)

37.     As set forth below, the alleged amount in controversy implicated by the class-wide allegations exceeds $5,000,000.  **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and assuming solely for purposes of this Notice of Removal that liability is established.**

38.     The calculations below show that the alleged amount in controversy exceeds $5,000,000, when considering non-exempt employees at Defendant's Hyatt Regency San Francisco hotel, such as Plaintiff, and when considering just a few of the causes of action alleged in the Complaint.

### 1.     Meal and Rest Period Claims

39.     Plaintiff seeks payments for alleged denial of or missed or interrupted meal periods and rest periods.  (Ex. A, Complaint, ¶¶ 67-79.)  Plaintiff's Complaint alleges that "Defendants failed to provide Class Members with meal periods as required under the Labor Code. Defendants placed their needs over Class Members lawful meal breaks and this resulted in Class Members consistently having to work through their scheduled meal breaks because the demands of the job would not avail them the opportunity to take a lawfully uninterrupted and off-duty meal break."  (Ex. A, Complaint, ¶ 69.)  Based

11

on these alleged meal period violations, Plaintiff claims that "Defendants failed to compensate Class Members for each meal period not provided or inadequately provided." (Ex. A, Complaint, ¶ 71.)

40.     Plaintiff's Complaint further alleges that "Class Members were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, and Defendants failed to provide Class Members with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift. Defendants placed their needs over Class Members lawful rest breaks, and this resulted in Class Members consistently having to work through their scheduled rest breaks because the demands of the job would not avail them the opportunity to take a lawfully uninterrupted and off-duty rest break.  Thus, Class Members were consistently denied their rest breaks." (Ex. A, Complaint, ¶ 75.) Plaintiff's Complaint further alleges that "Defendants did not compensate Class Members with an additional hour of pay at each Class Member's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks." (Ex. A, Complaint, ¶ 78.)

41.     For these alleged meal and rest period violations, Plaintiff seeks "compensatory damages in the amount of the hourly wage made by Class Members for each missed or deficient meal period [and rest period] where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven." (Ex. A, Complaint, Prayer For Relief, ¶¶ 5, 6.)

42.     Plaintiff claims that Defendant "**consistently**" and "**regularly**" did not provide meal and rest periods and were "**systematically** required by Defendants to work through or during breaks and were not provided with one (1) hour's wages in lieu thereof." (Ex. A, Complaint, ¶¶ 21, 23, 69, 75; emphasis added.)  Plaintiff further claims that a "common question" pertaining to the putative class is whether Defendant failed to "provide Class Members with requisite meal periods [or rest periods] or premium pay in lieu thereof." (Ex. A, Complaint, ¶ 37(d)-(e).)

43.     California Labor Code Section 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ."  Section 512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."  California Labor Code Section 226.7 requires employers to pay an extra hour's pay to employees who are not provided full or timely meal

DEFENDANT'S NOTICE OF REMOVAL

periods or rest periods.  Case law makes clear that an employee is entitled to an additional hour's wages per day, for both a rest and meal period violation each day.  *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010) (noting that Labor Code section 226.7 provides recovery for one meal break violation per work day and one rest break violation per work day).

44.    The statute of limitations for recovery for meal or rest period premium pay under California Labor Code section 226.7 pay is three years.  *Murphy v. Kenneth Cole Prods.*, Inc., 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations.").  However, Plaintiff alleges a claim for meal and rest break premiums pay as part of his unfair competition claim under Business and Professions Code section 17200, *et seq.*  Although Defendant contends that meal and rest break premium pay cannot be recovered under Business and Professions Code section 17200 (*Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010)), according to the allegations of Plaintiff's Complaint, the four-year statute of limitations applies for purposes of removal.  Cal. Bus. & Prof. Code § 17208.  Thus, for determining the amount in controversy, the four-year statute of limitations applies.

45.    Plaintiff is silent as to the amount of alleged meal periods or rest periods he claims to have been denied, thereby precluding precise estimates of the amount in controversy.  Because Plaintiff alleges that Defendant "consistently, regularly, and systematically" had a practice of not providing the putative class with all meal periods and rest periods (Ex. A, Complaint, ¶¶ 21, 23, 69, 75), while also alleging that Plaintiff's claims are "typical of those of Class Members" (Ex. A, Complaint, ¶ 38), the Complaint contemplates a 100% violation rate for the meal period and rest period claims.  Accordingly, a 100% violation rate can properly be assumed for purposes of calculating the amount in controversy of Plaintiff's meal and rest period claims.  *See Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc.*, 482 U.S. at 392 (finding a 100 percent violation rate appropriate when "plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%").

46.    While Defendant is entitled to assume a 100 percent violation rate (*i.e.*, five missed meal periods and 10 missed rest periods per workweek) based on the allegations in the Complaint, Defendant will conservatively assume that putative class members were not provided **just one meal period and**

13

**one rest period each workweek**.[1]  Where Plaintiff has alleged a practice of "consistent, regular, and systematic" meal and rest period violations, it is reasonable to assume that there at least one meal period and one rest period violation each week for every employee.  Indeed, district courts have consistently upheld even higher assumptions of meal period and rest period violations as plausible for purposes of determining the amount in controversy.  *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding an estimate of five meal period and three rest break violations per week reasonable where Plaintiff alleged a "a policy and practice" of meal and rest break violations); *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) ("Defendant conservatively assumed the putative class members were not provided … three of ten rest periods they were entitled to receive each work week, even though assumption of a 100 percent violation rate may have been reasonable based on allegations in the Complaint. The Court therefore we finds Defendant's assumed violation rates reasonable"); *Agredano v. Sw. Water Co.*, 2017 WL 2985395, at *6 (C.D. Cal. May 30, 2017) ("Plaintiff further alleges that Defendants 'routinely' and 'consistently' failed to provide him and the putative class members with the required 30–minute lunch break periods.  Plaintiff does not limit the number of violations alleged in his Complaint, nor has he offered any evidence that he or other putative class members missed fewer than five legally required meal breaks per week. Thus, the Court finds that 'Plaintiff's own complaint alleges universal violations of meal ... period laws' such that Defendants' 'use of a 100% violation rate [five missed meal periods] is proper.'"); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding an estimate of five missed rest periods a week reasonable where plaintiff alleged that defendant maintained "policies, practices and procedures that caused the purported violations. . .."); *Lopez v. Aerotek, Inc.*,  2015 WL 2342558, at *2 (C.D. Cal. May 14, 2015) (finding defendant's estimate of five meal period and five rest period violations was reasonable); *Coleman v. Estes Express Lines*, Inc., 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate," i.e., 5 missed meal periods and five missed rest breaks per week).  *Accord Arias*, 936 F.3d at 926 (holding

---

[1]/      Plaintiff cannot allege that this action involves common questions of law and fact as to the Class and Subclasses, without also implicitly alleging that each putative class member suffered at least one meal period and one rest period violation per week.

that "Marriott's assumptions are plausible" where it assumed "one missed rest break" as the "lowest assumed violation rate").

47.    As stated above, during the relevant time period identified in the Complaint, Defendant employed approximately 690 non-exempt hourly employees, who worked a total of approximately 92,531 workweeks.  (Strittmatter Decl., ¶ 6.)  The average hourly rate of pay for these individuals is approximately $32.68 per hour during the proposed class period.  (Strittmatter Decl., ¶ 6.)

48.    Although Defendant denies that Plaintiff (or any putative class member) is entitled to any meal or rest period premium payments, assuming **just one meal period violation and one rest period violation per week** for each putative class member, the amount in controversy would be approximately $6,047,826.16 [(92,531 workweeks) * ($32.68 per hour) * (2 premium payments per week)].  Accordingly, the amount in controversy on Plaintiff's meal and rest period claims is approximately **$6,047,826.16**.

### 2.    Waiting Time Penalties

49.    Plaintiff's Complaint also alleges that Defendant failed to timely pay wages due, in violation of California Labor Code §§ 201-203.  Plaintiff alleges that "Defendants have thus also had a consistent policy of failing to pay all wages owed to Class Members at the time of their termination or within seventy-two (72) hours of their resignation."  (Ex. A, Complaint, ¶¶ 26, 89.)

50.    On these grounds, Plaintiff seeks "waiting time penalties" under California Labor Code § 203.  (Ex. A, Complaint, ¶¶ 26, 92.)  Under California Labor Code § 203, a discharged employee is entitled to penalties of up to 30 days' pay at his or her regular pay.  *See* Cal. Lab. Code § 203(a) ("If an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days").

51.    The statute of limitations period for California Labor Code § 203 penalties extends back only three years from the date of filing of the complaint, or November 2, 2018.  *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1399 (2010) ("if an employer failed to timely pay final wages to an employee who quit or was fired, the employee would have had one year to sue for the section 203

316768501v.1

penalties but, under Code of Civil Procedure section 338, subdivision (a) (Stats.1935, ch. 581, § 1, p. 1673), three years to sue for the unpaid final wages giving rise to the penalty").

52.    It is also reasonable to assume that each employee waited over 30 days for payment of any allegedly unpaid wages.  *See Tajonar v. Echosphere*, LLC, 2015 WL 4064642, at *4-5 (S.D. Cal. July 2, 2015) (finding reasonable the defendant-employer's assumption that each employee was entitled to the maximum thirty-day penalty); *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *3 (C.D. Cal. May 5, 2016) ("[I]t is not unreasonable for [defendant] to assume that each employee would be entitled to the maximum wage penalty – thirty days – for waiting time violations").  *See also* Ex. A, Complaint, ¶ 90 (claiming that "[t]he wages withheld from these Class Members by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment").

53.    During the relevant three-year time period for waiting time penalties, from February 6, 2022 to the present, there were a total of approximately 187 non-exempt hourly employees who were terminated from employment with Defendant.  (Strittmatter Decl., ¶ 7.)  The average hourly rate of pay for these terminated colleagues was $30.58.  (Strittmatter Decl., ¶ 7.)

54.    Although Defendant disputes liability, a reasonable estimate of the amount in controversy for waiting time penalties is **$1,372,430.40** [$30.58/hour * 8 hours/day * 30 days * 187 former hourly employees].

### 3.    Wage Statement Penalties

55.    Plaintiff's Complaint alleges that "Defendants failed to provide Class Members with accurate itemized wage statements in writing, as required by the Labor Code."  (Ex. A, Complaint, ¶ 82.)  Based on this alleged violation, Plaintiff claims that he and other class members are each entitled to recover up to a maximum of $4,000.00 in penalties.  (Ex. A, Complaint, ¶ 86.)

56.    Labor Code § 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee.  The statute of limitations for recovery of penalties under Labor Code § 226 is one year.  *Caliber Bodyworks, Inc. v. Sup. Ct.*, 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a).  Plaintiff filed his Complaint on November 2, 2021.  Therefore, the statutory period for a claim under California Labor Code § 226 runs from November 2, 2020 to the present.

57.    Defendant pays its non-exempt employees every two weeks.  (Strittmatter Decl., ¶ 8.)  Accordingly, there are 26 pay periods per year.  (*Id.*)

58.    During the period of February 6, 2024 to the present, there were approximately 543 hourly, non-exempt employees who worked for Defendant, who worked approximately 12,931 bi-weekly pay periods during this time period.  (Strittmatter Decl., ¶ 9.)  Thus, the amount in controversy for Plaintiff's wage statement claim is **$1,265,950** [($50 for the 543 first pay periods) + ($100 for each of the subsequent 12,388 pay periods)].

### 4.    Approximate Aggregate Amount In Controversy

59.    Although Defendant denies Plaintiff's allegations that he or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for just three asserted claims, exclusive of attorneys' fees, is approximately **$8,686,206.56**, calculated as follows:

| | | |
|---|---|---|
| · | **$6,047,826.16** | Meal/Rest Period Claim (Assuming Just 1 Missed Meal Period And 1 Missed Rest Period Per Workweek) |
| · | **$1,372,430.40** | Waiting Time Penalties |
| · | **$1,265,950.00** | Wage Statement Penalties |

60.    The figures above do not take into account Plaintiff's claim for unpaid minimum wages, unpaid overtime wages, unreimbursed business expenses, or attorneys' fees and costs.

### 5.    Attorneys' Fees

61.    Plaintiff also seeks attorneys' fees.  (Ex. A, Complaint, Prayer for Relief.)  Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy").

62.    A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA.") (*citing Brady*, 243 F. Supp. 2d at 1010-11); *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining amount in controversy).

63.    The Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

64.    Indeed, the Ninth Circuit has explicitly confirmed that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy," including in the context of determining CAFA jurisdiction and as a "principle[] that appl[ies] in CAFA removal cases." *Arias*, 936 F.3d at 922.

65.    In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See, e.g.*, *Shachno v. Marriott Int'l, Inc.*, 2023 WL 316367, at *14 (S.D. Cal. Jan. 19, 2023) (denying remand; "Based on this evidence [showing that plaintiff's counsel sought and received a 33% fee award] and the Court's experience, Defendant's use of a 25% attorneys' fee is reasonable and appropriate"); *Kastler v. Oh My Green, Inc.*, 2019 WL 5536198, at *7 (N.D. Cal. Oct. 25, 2019) (denying remand; "the Court can rely on its 'own knowledge of customary rates and [its] experience concerning reasonable and proper fees.' … In the Court's

experience, Plaintiff brings a typical California wage and hour case in which courts in this Circuit would likely apply the 25% benchmark rate. … Even if a 25% fee were unreasonable, Defendant meets the jurisdictional threshold with a fee as low as 15%, which would certainly be more than reasonable in light of the statutory bases for fees in this type of case."); *Cortez v. United Nat. Foods, Inc.*, 2019 WL 955001, at *7 (N.D. Cal. Feb. 27, 2019) (denying remand and citing several other wage and hour cases using the 25% benchmark); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) (denying remand; "In this Court's experience, '[w]hen including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate,' especially in wage and hour class actions like this one where fee awards at settlement typically require court approval. … As with the 'damages' calculations above, this is not to say that attorneys' fees here will ultimately amount to 25% of any class award; but the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Ramos v. MOOG Inc.*, 2020 WL 969023, at *4 (C.D. Cal. Feb. 27, 2020) (denying remand; "several courts in this Circuit, including this Court, have found that 25% attorneys' fees could be reasonable in CAFA wage and hour cases").

66.    Even under the conservative benchmark of 25 percent of the total amount in controversy for Plaintiff's claims, attorneys' fees alone would be upward of **$2,171,551.64** in this case [$8,686,206.56 amount in controversy * 0.25].

67.    Although Defendant denies Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and a conservative estimate based on those allegations, the total amount in controversy is at least **$10,857,758.20**, including attorneys' fees. This total amount in controversy far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

68.    Accordingly, because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

69.     To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

## IV.    FEDERAL QUESTION REMOVAL BASED ON LABOR MANAGEMENT RELATIONS ACT ("LMRA") SECTION 301 PREEMPTION

70.     Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Federal question jurisdiction arises out of the fact that Plaintiff's claims are preempted by Section 301. Pursuant to Section 301, "[s]uits for violation of contracts between an employer and a labor organization… may be brought in any district court of the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000), *reh'g denied* 281 F.3d 801 (9th Cir. 2002). A collective bargaining agreement ("CBA") is such a contract, and Section 301 preempts all state-law claims "founded directly on rights created by collective-bargaining agreements." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). Section 301 also "authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements." *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 451 (1957).

71.     The Ninth Circuit has developed a two-step inquiry to determine whether the LMRA preempts a state law claim. *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 920 (9th Cir. 2018) *cert. denied*, 139 S. Ct. 1445 (2019) ("This circuit, however, has distilled the Supreme Court's RLA and LMRA § 301 case law into a two-part inquiry into the nature of a plaintiff's claim"). First, the court evaluates the "legal character" of the claim by asking "whether a particular right is grounded in a CBA" and "whether [the claim] seeks purely to vindicate a right or duty created by the CBA itself." *Id.* at 921 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). If it does, the claim is preempted. If not, the court then asks "whether litigating the state law claim nonetheless requires interpretation of a CBA." *Id.* at 921.

72.     In other words, the Court must first ask "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)).

316768501v.1

Under this test, a claim is preempted if it seeks "purely to vindicate a right or duty created by the CBA itself." *Schurke*, 898 F.3d at 921. The Court must proceed to the second step only if the claim seeks to vindicate a right not created by the CBA. *Curtis*, 913 F.3d at 1153 (explaining if "the claim seek[s] 'to vindicate a right or duty created by the CBA itself … 'then the claim is preempted and [the] analysis ends there'") (internal citations omitted).

73.    Here, it is irrelevant that Plaintiff did not specifically reference or invoke the terms of the CBA in his Complaint. Under the artful pleading doctrine, plaintiffs may not avoid federal jurisdiction simply by pleading a claim that can only be made under federal law as a state law claim. *See Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984), overruled on other grounds by Allis-Chalmers, 471 U.S. at 220 ("[E]mployees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provision of the collective bargaining agreement… In such cases the 'artful pleading' doctrine requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement. The case may then be removed to federal court and adjudicated under the appropriate federal law."); *Newberry v. Pacific Racing Association*, 854 F.2d 1142, 1146 (9th Cir. 1988) ("[T]he key to determining the scope of section 301 preemption is not based on how the complaint is framed, but whether the claims can be resolved only by referring to the terms of the bargaining agreement."); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The district court… properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction.").

A.    **The District Court Has Federal Question Jurisdiction Over Plaintiff's Claims**

74.    Plaintiff seeks to represent "all non-exempt employees, either directly or indirectly, working for Defendants in the State of California." (Ex. A, Complaint, ¶ 1.) Plaintiff's class definition encompasses hundreds of employees, including himself, who are subject to a CBA. A true and correct copy of the CBA is attached as Exhibit A to the Declaration of Michael Afar in support of this Notice of Removal.

75.    The Ninth Circuit has held that the analysis focuses on the relationship between the claims and the CBA.  *See, e.g., Melanson v. United Air Lines, Inc.*, 931 F.2d 558, 561 (9th Cir. 1991)

DEFENDANT'S NOTICE OF REMOVAL

("It is the relationship of the claim to the CBA, regardless of the plaintiff's employment status, that guides the preemption analysis."); *Sarmiento v. Sealy, Inc.*, 2019 WL 3059932, at *8-9 (N.D. Cal. July 12, 2019) (finding that Section 301 preemption applies on "a CBA-by-CBA basis, rather than employee-by-employee basis").

76.     Here, Plaintiff's Complaint alleges that "Class Members were not properly compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a given day, and/or forty hours in a given week." (Ex. A, Compl. ¶ 61.)  Plaintiff's Complaint also alleges that Defendant failed to timely pay "all wages due and owing to Plaintiff and the Class Members, including as required under Labor Code § 510."  (*Id.* at ¶ 95.)

77.     Plaintiff's claims under California Labor Code §§ 204 and 510 implicate CBA considerations, as well as exemptions under the California Labor Code. For example, California Labor Code § 510 "do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." *See* Cal. Lab. Code § 514.  Similarly, under California Labor Code § 204(c), "when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees," rather than the other provisions of Labor Code § 204.

**B.     Plaintiff's Claim Of Violations Of Labor Code § 510 Creates Federal Question Jurisdiction**

78.     Plaintiff's theory of liability under California Labor Code § 510 renders the Complaint preempted under Section 301 and creates federal question jurisdiction.

79.     The decision of the Ninth Circuit in *Curtis*, 913 F.3d at 1152 is directly on point. In *Curtis*, the Ninth Circuit held that an employee's claim for overtime pay under § 510 of the California Labor Code existed "solely as a result of the CBA" because the relevant statute governing overtime claims permitted "unionized employees to contract around [the statute's requirements]." *Curtis*, 913 F.3d at 1154–1155. Specifically, § 510(a) states that its requirements "do not apply to the payment of overtime compensation to an employee working pursuant to ... [a]n alternative workweek schedule

adopted pursuant to a collective bargaining agreement" that complies with certain requirements. *Id*. at 1153 (quoting Cal. Lab. Code § 510). The Ninth Circuit therefore held that if employers were required to comply with the default rule regarding overtime compensation despite the existence of a qualifying CBA that created alternative arrangements, the statutory language above would be rendered superfluous. *Id*. at 1154. The plaintiff's right to overtime payments therefore existed solely as a result of the CBA, and as such his state law overtime claim was preempted:

> Curtis's argument fails, however, in light of section 510(a)(2), which provides that the "requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to ... [a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514."

> Section 514 in turn states that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

> By its terms, therefore, the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA. If Curtis's CBAs in this case meet the requirements of section 514, Curtis's right to overtime "exists solely as a result of the CBA," and therefore is preempted under § 301.

Curtis, 913 F.3d at 1153–1155.

80.    Here, the CBA which governs the employment of thousands of allegedly aggrieved employees, triggers California Labor Code § 514 and preempts any claim under California Labor Code § 510.

81.    The CBA provides for wages, hours of work, and working conditions of hourly employees. (*See, e.g.*, Afar Decl., Ex. A, CBA.) The CBA expressly provides for premium wage rates for all overtime hours worked, requiring that "[w]ork in excess of eight (8) hours in a day or forty (40) hours in a week, shall be compensated for at the rate of time and one-half (1-1/2) the regular rate of pay." (*Id*. at p. 57.)  The CBA also has express rules for overtime that provide benefits to employees greater than and beyond state minimum requirements – "For the purpose of computing overtime, any portion of one-half (½) hour shall be considered one-half (½) hour."  (*Id.* at p. 58.)  Further, the CBA provides a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. (*Id*. at Appendix "A"; *see also* Side Letter MOU and Term Sheet attached to CBA

23

indicating rate increases; p. 87 ("Eight (8) consecutive hours shall constitute a "Straight Shift." Except as otherwise specifically provided all wage rates established herein are for the Straight Shift.)).

82.    For purposes of Section 301 preemption, it is not necessary for all class members to meet the requirements of earning 30% more than the state minimum wage. So long as some potential class members meet these requirements, then Section 301 preemption applies. There is Section 301 preemption if a claim "involves a 'right [that] exists solely as a result of the CBA.'" *Curtis*, 913 F.3d at 1152.

### C.    Plaintiff's Claim Under California Labor Code § 204 Also Creates Federal Question Jurisdiction

83.    Plaintiff's theory of liability under California Labor Code § 204 also renders the Complaint preempted under Section 301 and creates federal question jurisdiction.

84.    Where a CBA contains language regarding the timing of payments of wages, the CBA agreement supersedes the timeliness provisions of California Labor Code § 204(d). Indeed, courts have routinely dismissed claims under California Labor Code § 204 where there is a collective bargaining agreement. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1203 (C.D. Cal. 2015) (granting employer's motion to dismiss; "Live Nation contends that although plaintiffs assert the third cause of action under §§ 204, 510, and 1194, the crux of plaintiffs' allegations is not that overtime was not paid or was paid in an improper amount, but rather that payment was not timely. As a result, it contends that the claim is preempted because the 2015 CBA supersedes the timeliness provisions of § 204 under § 204(c)… Because under Labor Code §§ 204, 510, and 1194, a compliant CBA applies rather than the Labor Code, the 2015 CBA governs plaintiffs' third cause of action. The claim is therefore preempted."); *Bradford v. Prof'l Tech. Sec. Servs. Inc. (Protech)*, 2020 WL 2747767, at *5 (N.D. Cal. May 27, 2020) ("Because the CBA here provides for a different pay arrangement than the statute, Bradford's right to timely payment exists solely as a result for the CBA and is preempted").

85.    The CBA provides that certain employees shall be paid on a semi-monthly basis while others may be paid on a weekly or even daily basis. (Afar Decl., Ex. A, CBA, p. 78.)  Moreover, the CBA provides that "a claim of any employee for any payment of any additional compensation or sum due under the terms of this Agreement for all forms of overtime … shall not go beyond a sixty (60) day

DEFENDANT'S NOTICE OF REMOVAL

period, unless such claim is reported to the Union by the aggrieved employee and the Employer is notified by the Union within ten (10) days of the pay period when such claim or sum should have been paid." (*Id.* at p. 29.)

86.    Thus, the CBA provides the sole remedy for the timely payment of wages, which arise entirely out of these provisions of the CBA.

## V.    VENUE

87.    Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(a).  This action originally was brought in San Francisco County Superior Court of the State of California, which is located within the Northern District of California.  28 U.S.C. § 84(a).  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

88.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the San Francisco County Superior Court of the State of California as required under 28 U.S.C. § 1446(d).

## VI.    NOTICE TO STATE COURT AND TO PLAINTIFF

89.    Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of San Francisco.  The Notice of Removal is concurrently being served on all parties.

## VII.    PRAYER FOR REMOVAL

90.    WHEREFORE, Defendant prays that this civil action be removed from Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

DATED: March 19, 2025                             Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Michael Afar*
        Brian Long
        Michael Afar
Attorneys for Defendant

25

316768501v.1

# EXHIBIT A



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Rita DAmico<br>Hyatt Hotels Corporation<br>150 N Riverside Plz<br>Fl 14<br>Chicago, IL 60606-1598 |
| **Electronic copy provided to:** | William Young<br>Ashley Dorocke |

| | |
|---|---|
| **Entity:** | Hyatt Corporation<br>Entity ID Number  0007499 |
| **Entity Served:** | Hyatt Corporation DBA Hyatt Regency San Francisco |
| **Title of Action:** | Bradley J. Hasty vs. Hyatt Corporation DBA Hyatt Regency San Francisco |
| **Matter Name/ID:** | Bradley J. Hasty, an individual on behalf of himself and all others similarly situated vs. Hyatt Corporation DBA Hyatt Regency San Francisco (16891221) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Francisco County Superior Court, CA |
| **Case/Reference No:** | CGC-25-622191 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/17/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | D.Law, Inc.<br>818-962-6465 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td></td><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HYATT CORPORATION dba HYATT REGENCY SAN
FRANCISCO, a Delaware Corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BRADLEY J. HASTY, an individual on behalf of himself and all others
similarly

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>The name and address of the court is:<br><i>(El nombre y dirección de la corte es):</i> Civic Center Courthouse</td><td>CASE NUMBER:<br><i>(Número del Caso):</i> CGC-25-622191</td></tr>
</table>

400 McAllister St
San Francisco, CA 94102

~~CGC-25-622191~~

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

D.Law, Inc.; Emil Davtyan; 450 N Brand Blvd, Suite 840, Glendale, CA 91203 - Ph: 818-962-6465

<table>
<tr><td>DATE: <b>02/10/2025</b><br><i>(Fecha)</i></td><td>Clerk, by<br><i>(Secretario)</i></td><td><b>VERA MU</b></td><td>, Deputy<br><i>(Adjunto)</i></td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* HYATT CORPORATION dba HYATT REGENCY SAN FRANCISCO, a Delaware Corporation;

under: [X] CCP 416.10 (corporation)        [  ] CCP 416.60 (minor)
       [  ] CCP 416.20 (defunct corporation)    [  ] CCP 416.70 (conservatee)
       [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)

       [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

D.LAW, INC.
Emil Davtyan (SBN 299363)
emil@d.law
David Yeremian (SBN 226337)
d.yeremian@d.law
Natalie Haritoonian (SBN 324318)
n.haritoonian@d.law
Andrea A. Amaya Silva (SBN 348080)
a.amaya@d.law
450 N Brand Blvd, Suite 840
Glendale, CA 91203
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiff BRADLEY J. HASTY
on behalf of himself and others similarly situated

ELECTRONICALLY
**FILED**
*Superior Court of California,*
*County of San Francisco*

**02/06/2025**
**Clerk of the Court**
BY: SAHAR ENAYATI
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| BRADLEY J. HASTY, an individual on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> HYATT CORPORATION dba HYATT REGENCY SAN FRANCISCO, a Delaware Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: <br><br> <u>CLASS ACTION</u> <br> **CGC-25-622191** <br> **CLASS ACTION COMPLAINT FOR:** <br> 1. Failure to Pay Minimum Wages; <br> 2. Failure to Pay Wages and Overtime Under Labor Code § 510; <br> 3. Meal Period Liability Under Labor Code § 226.7; <br> 4. Rest-Break Liability Under Labor Code § 226.7; <br> 5. Violation of Labor Code § 226(a); <br> 6. Violation of Labor Code § 203; <br> 7. Violation of Labor Code § 204; <br> 8. Violation of Labor Code § 221; <br> 9. Failure to Keep Required Payroll Records under Labor Code §§ 1174 and 1174.5; <br> 10. Failure to Reimburse Necessary Business Expenses § 2802; and <br> 11. Violation of Business & Professions Code § 17200 *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

- 1 -
CLASS ACTION COMPLAINT

1

2
**INTRODUCTION**

3    1.    Plaintiff BRADLEY J. HASTY ("Plaintiff") brings this action on behalf of himself

4  and the Class Members who are defined as "all current and former employees within the State of

5  California who, at any time from four (4) years prior to the filing of this lawsuit, are or were

6  employed as non-exempt hourly employees by Defendant HYATT CORPORATION dba HYATT

7  REGENCY SAN FRANCISCO, a Delaware Corporation ("Defendant Hyatt") and/or DOES 1

8  through 50, inclusive" (all Defendants being collectively referred to herein as "Defendants").

9    2.    Plaintiff alleges that Defendants, and each of them, violated various provisions of

10  the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and the

11  California Business & Professions Code, and seeks redress for these violations.

12    3.    Upon information and belief, Plaintiff is employed by Defendants and (1) shared

13  similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3)

14  endured similar violations at the hands of Defendants as the other Class Members who served in

15  similar and related positions.

16
**THE PARTIES**

17    **A.    The Plaintiff**

18    4.    Plaintiff BRADLEY J. HASTY resides in California, during the time period relevant

19  to this Complaint, and is employed by Defendants as a non-exempt hourly employee within the State

20  of California.

21    **B.    The Defendants**

22    5.    Defendant Hyatt is a Delaware Corporation with its principal place of business in

23  Chicago, Illinois and is registered with the California Secretary of State. Defendant Hyatt has been

24  the employer listed on the wage statements and employment records issued to Plaintiff during the

25  relevant time period that Plaintiff was employed with Defendants. Defendant Hyatt employs

26  Plaintiff and the Class Members in California, including at Defendants' offices and facilities in

27  San Francisco, California, and throughout California, and conducts business throughout

28  California.

1    6.    The true names and capacities, whether individual, corporate, associate, or

2    whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently

3    unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of

4    Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants

5    designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in

6    some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend

7    this Complaint to reflect the true names and capacities of the Defendants designated herein as

8    Does 1 through 50 when their identities become known.

9    7.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in

10    all respects pertinent to this action as the agent of the other Defendants, that Defendants carried

11    out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

12    each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

13    all respects as the employers or joint employers of Class Members. Defendants, and each of them,

14    exercised control over the wages, hours or working conditions of Class Members, or suffered or

15    permitted Class Members to work, or engaged, thereby creating a common law employment

16    relationship, with Class Members. Therefore, Defendants, and each of them, employed, or jointly

17    employed, Class Members.

18    8.    Whenever and wherever reference is made in this Complaint to any act by a

19    Defendant or Defendants, such allegations and references shall also be deemed to mean the acts

20    and failures to act of each Defendant acting individually, jointly, and severally.

21    9.    Whenever and wherever reference is made to individuals who are not named as a

22    Defendant in this Complaint but were agents, servants, employees and/or supervisors of

23    Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope

24    of their employment.

25    **JURISDICTION AND VENUE**

26    10.    This Court has jurisdiction over this Action pursuant to California Code of Civil

27    Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought as

28    a Class Action on behalf of similarly situated Class Members of Defendants pursuant to California

1   Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant

2   to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and

3   liabilities giving rise to this lawsuit occurred in part in San Francisco County. Defendants maintain

4   and operate facilities in San Francisco County and employs Plaintiff and other Class Members in

5   San Francisco County, while doing business throughout California.

6                           **FACTUAL BACKGROUND**

7         11.     Class Members consistently worked at Defendants behest without being paid all

8   wages due. Class Members were either not paid by Defendants for all hours worked or were not

9   paid at the appropriate minimum, regular and overtime rates. Plaintiff also contends that Defendants

10   failed to pay Class Members all wages due and owing, including by requiring off the clock work,

11   unlawfully rounding to their detriment, failing to provide meal and rest breaks, failing to furnish

12   accurate wage statements, failing to timely pay wages including final wages, failing to maintain

13   accurate records, and failing to reimburse necessary business expenses all in violation of various

14   provisions of the California Labor Code and applicable Wage Orders.

15         12.     During the course of Class Members' employment with Defendants, Class Members

16   were not paid all wages they were owed. Class Members were required to perform pre-shift and

17   post-shift off the clock work which they were not compensated for despite being subject to

18   Defendants' control. Specifically, Plaintiff was required to turn on equipment and set up the cook

19   station before clocking in. Upon information and belief, Class Members were also required to

20   perform similar off the clock work. Additionally, Class Members were also required to wait before

21   being able to clock in due to mechanical issues with the time clock machine. Furthermore, Class

22   Members were required to work through portions of their meal periods while they were off the clock

23   and were not paid for this time. Defendants also contacted Class Members on their personal cell

24   phones with work demands outside of scheduled work hours, and Class Members were not paid for

25   this time.

26         13.     Moreover, Defendants had a consistent policy and practice of unlawfully rounding

27   hours worked to the detriment of the Class Members. Rather than paying Class Members for all

28   hours and minutes they actually worked, Defendants followed a uniform policy and practice of

1    rounding all time entries to the nearest quarter-hour or half-hour (i.e. to the nearest 15-minute or

2    30-minute time increment), and generally did so to the detriment of the Class Members, and

3    Plaintiff contend this policy is not neutral and resulted, over time, to the detriment of the Class

4    Members by systematically under-compensating them. Rather than reflecting the actual hours

5    worked by Class Members, the time entries were rounded and reduced to reflect the scheduled

6    work time rather than the actual hours worked. These unlawfully rounded time entries were

7    inputted into Defendants' payroll system from which wage statements and payroll checks were

8    created.

9        14.    By implementing policies, programs, practices, procedures and protocols which

10   resulted in off the clock work and unlawful rounding, Defendants' willful actions resulted in the

11   systematic underpayment of wages to Class Members, including underpayment of overtime pay to

12   Class Members over the relevant time period. For example, the above described off the clock work

13   caused Plaintiff and Class Members to begin receiving overtime pay later than they should have.

14       15.    As a result of the above-described requirements to work off the clock and unlawful

15   rounding, and the other wage violations they endured at Defendants' hands, Class Members were

16   not properly paid all wages earned and all wages owed to them by Defendants, including when

17   working more than eight (8) hours in any given day and/or more than forty (40) hours in any given

18   week.

19       16.    As a result of Defendants' unlawful policies and practices, Class Members incurred

20   overtime hours worked for which they were not adequately and completely compensated, in addition

21   to the hours they were required to work off the clock. To the extent applicable, Defendants also

22   failed to pay Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours

23   of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the

24   regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under

25   the Labor Code and applicable IWC Wage Orders.

26       17.    Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing

27   to the present, Defendants had a consistent policy or practice of failing to pay Class Members for

28   all hours worked, and failing to pay minimum wages for all time worked, as required by California

1   law. Defendants thus failed to pay Class Members at least minimum wages for all the time they

2   worked for Defendants in violation of the Labor Code and applicable IWC Wage Orders as the

3   actual times when Class Members were under the control and direction of Defendants was under

4   reported in the hours reflected on the timekeeping records. Furthermore, Defendants' willful actions

5   resulted in the systematic underpayment of wages to Class Members, including underpayment of

6   overtime pay to Class Members over a period of time.

7          18.    Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing

8   to the present, Defendants had a consistent policy or practice of failing to pay Class Members for

9   all hours worked. Also, from at least four (4) years prior to the filing of this lawsuit and continuing

10  to the present, Defendants also had a consistent policy or practice of failing to pay Class Members

11  their true and correct overtime compensation at premium overtime rates for all hours worked in

12  excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours

13  worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding

14  sections of IWC Wage Orders.

15         19.    Additionally, Defendants failed to provide all the legally required unpaid, off-duty

16  meal periods and all the legally required paid, off-duty rest periods to Class Members, as required

17  by the applicable Wage Order and Labor Code. Class Members were required to perform work as

18  ordered by Defendants for more than five (5) hours during a shift but were often required to do so

19  without receiving a lawful and timely meal break. In addition to untimely meal periods, Defendants

20  also required Class Members to respond to work demands. Defendants placed their needs over Class

21  Members lawful meal and rest breaks, and this resulted in Class Members often having to work

22  through their scheduled meal and/or rest breaks, or otherwise taking shortened ones, because the

23  demands of the job would not avail them the opportunity to take a lawfully uninterrupted and off

24  duty meal and/or rest break.

25         20.    On the occasions when Class Members worked over 10 hours in a shift, Defendants

26  also failed to provide them with a second, uninterrupted, timely and duty-free meal period. As a

27  result, Defendants' failure to provide Class Members with all legally required off-duty, unpaid meal

28  periods and all the legally required off-duty, paid rest periods is and will be evidenced by

1   Defendants' business records, or lack thereof. Defendants also failed to pay Class Members

2   "premium pay," i.e. one hour of wages at each Class Member's effective hourly rate of pay, for each

3   meal period or rest break that Defendants failed to provide or deficiently provided.

4        21.     Therefore, for at least four years prior to the filing of this action and through to the

5   present, Defendants have regularly required Class Members to work shifts in excess of five (5) hours

6   without providing them with uninterrupted meal periods of not less than thirty (30) minutes, and

7   shifts in excess of (10) hours without providing them with second meal periods of not less than thirty

8   minutes; nor did Defendants pay Class Members "premium pay," i.e. one hour of wages at each

9   Class Member's effective hourly rate of pay, for each meal period that Defendants failed to provide

10  or deficiently provided.

11       22.     Meal period violations thus occurred in one or more of the following manners:

12            (a)     Class Members were not provided full thirty-minute duty free meal periods

13                    for work days in excess of five (5) hours and were not compensated one (1)

14                    hour's wages in lieu thereof, all in violation of, among others, Labor Code

15                    §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage

16                    Order(s);

17            (b)     Class Members were not provided second full thirty-minute duty free meal

18                    periods for work days in excess of ten (10) hours;

19            (c)     Class Members were required to work through at least part of their daily

20                    meal period(s);

21            (d)     Meal periods were provided after five (5) hours of continuous work during

22                    a shift; and

23            (e)     Class Members were restricted in their ability to take a full thirty-minute

24                    meal period.

25       23.     Class Members were also not authorized and permitted to take lawful rest periods,

26  were systematically required by Defendants to work through or during breaks and were not provided

27  with one (1) hour's wages in lieu thereof. Class Members were restricted in their ability to take their

28  full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods.

1    Therefore, from at least four years prior to the filing of this lawsuit and continuing to the present,

2    Defendants have consistently failed to provide Class Members with paid rest breaks of not less than

3    ten minutes for every work period of four or more consecutive hours; or major fraction thereof, nor

4    did Defendant pay Class Members premium pay for each day on which requisite rest breaks were

5    not provided or were deficiently provided.

6          24.    Rest period violations therefore arose in one or more of the following manners:

7                 (a)    Class Members were required to work without being provided a minimum

8                        ten (10) minute rest period for every four (4) hours or major fraction

9                        thereof worked and were not compensated one (1) hour of pay at their

10                       regular rate of compensation for each workday that a rest period was not

11                       provided;

12                (b)    Class Members were not authorized and permitted to take timely rest

13                       periods for every four hours worked, or major fraction thereof; and

14                (c)    Class Members were required to remain on-duty during rest periods or

15                       otherwise had their rest periods interrupted by work demands.

16         25.    Defendants also consistently failed to issue accurate itemized wage statements as

17    required by Labor Code § 226(a). Specifically, Labor Code § 226(a)(9) requires wage statements to

18    include all applicable hourly rates in effect during the pay period and the corresponding number of

19    hours worked at each hourly rate by the employee. The wage statements provided to Class Members

20    failed to include all applicable hourly rates in effect during the pay period. Thus, the wage statements

21    Defendants provided to Class Members do not comply with Labor Code § 226(a)(9). Further, the

22    wage statements given to Class Members failed to accurately account for unpaid wages and overtime

23    because Defendants under-reported Class Members' actual hours worked due to the off the clock

24    work and unlawfully rounded time entries to the detriment of Class Members. Additionally, the

25    wage statements given to Class Members failed to accurately account for premium pay for

26    deficiently provided meal periods and rest breaks. Moreover, the wage statements given to Class

27    Members contain unlawful deductions by Defendants.

28         26.    From at least four (4) years prior to filing this lawsuit and continuing to the present,

1    Defendants have thus also had a consistent policy of failing to pay all wages owed to Class Members

2    at the time of their termination or within seventy-two (72) hours of their resignation, as required by

3    California wage-and-hour laws. Specifically, Class Members were not paid all regular and overtime

4    wages because Defendants failed to pay for all hours worked by requiring off the clock work and

5    by unlawfully rounding to the detriment of Class Members. Additionally, Defendants failed to pay

6    premium wages owed for unprovided meal periods and rest periods, as further detailed in this

7    Complaint. Defendants' failure to pay said wages within the required time was willful within the

8    meaning of Labor Code § 203.

9        27.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

10   present, Defendants have consistently and unlawfully collected or received wages from Class

11   Members. Defendants made payments of wages to Class Members via direct deposit into their

12   personal bank accounts. However, Defendants unlawfully removed and made deductions of said

13   wages from Class Members' pay without permission and authorization.

14       28.    Additionally, from at least four (4) years prior to the filing of this lawsuit and

15   continuing to the present, Defendants have regularly required Plaintiff to incur business expenses in

16   the course of performing his required job duties for Defendants, including for cell phone expenses,

17   and the purchase of kitchen gadgets. Upon information and belief, Class Members incurred similar

18   costs. These expenses incurred by Plaintiff and Class Members were necessary and required of them

19   in performing their assigned job duties, but Defendants failed to reimburse Plaintiff and Class

20   Members for all such necessary expenditures, thus entitling them to reimbursement according to

21   proof as required under Labor Code § 2802 and the applicable provisions of the IWC Wage Orders.

22       29.    In light of the foregoing, Plaintiff and Class Members bring this action pursuant to,

23   *inter alia*, Labor Code §§ 201, 202, 203, 204, 210, 221, 226, 226.3, 226.7, 227.3, 510, 512, 558,

24   558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2, 1197, 1198, 1199, 2802, 2926, 2927 and

25   California Code of Regulations, Title 8, section 11000 *et seq*.

26       30.    Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Plaintiff

27   and the Class Members seek injunctive relief, restitution, and disgorgement of all benefits

28   Defendants have enjoyed from their violations of Labor Code and the other unfair, unlawful, or

1    fraudulent practices alleged in this Complaint.

2    **CLASS ALLEGATIONS**

3        31.    Plaintiff seeks to represent the Subclasses composed of and defined as follows:

4        a.    Subclass 1.   Minimum Wages Subclass. All Class Members who were not

5    compensated for all hours worked for Defendants at the applicable minimum wage.

6        b.    Subclass 2.   Wages and Overtime Subclass. All Class Members who were not

7    compensated for all hours worked for Defendants at the required rates of pay, including for all hours

8    worked in excess of eight in a day and/or forty in a week.

9        c.    Subclass 3.   Meal Period Subclass. All Class Members who were subject to

10    Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-

11    free meal periods or one hour of pay at the Class Member's regular rate of pay in lieu thereof.

12        d.    Subclass 4.   Rest Break Subclass. All Class Members who were subject to

13    Defendants' policy and/or practice of failing to authorize and permit Class Members to take

14    uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction

15    thereof, and failing to pay one hour of pay at the Class Member's regular rate of pay in lieu thereof.

16        e.    Subclass 5.   Wage Statement Subclass. All Class Members who, within the

17    applicable limitations period, were not provided with accurate itemized wage statements.

18        f.    Subclass 6.   Termination Pay Subclass. All Class Members who, within the

19    applicable limitations period, either voluntarily or involuntarily separated from their employment

20    and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

21    termination.

22        g.    Subclass 7: Failure to Timely Pay Wages Twice Monthly Subclass.  All Class

23    Members who were subject to Defendants' policy and practice of not timely paying all wages earned

24    when they were due and payable at least twice monthly.

25        h.    Subclass 8.   Payroll Records Subclass.  All Class Members who were subject to

26    Defendants' policy and/or practice of failing to keep accurate time and wage records as required by

27    California wage-and-hour laws.

28        i.    Subclass 9.   Expense Reimbursement Subclass. All Class Members who incurred

1  necessary and reasonable expenses in connection with performing their job duties for Defendant and
2  who were subject to a policy and/or practice under which such expenses were not reimbursed.

3        j.     Subclass 10. Unauthorized Deductions from Wages Subclass. All Class Members
4  who were subject to Defendants' policy and/or practice of automatically deducting wages from
5  Employees' pay.

6        k.     Subclass 11. UCL Subclass. All Class Members who are owed restitution as a result
7  of Defendants' business acts and practices, to the extent such acts and practices are found to be
8  unlawful, deceptive, and/or unfair.

9        32.    Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify
10 the class description with greater particularity or further division into subclasses or limitation to
11 particular issues. To the extent equitable tolling operates to toll claims by the Class against
12 Defendants, the Class Period should be adjusted accordingly.

13       33.    Defendants, as a matter of company policy, practice and procedure, and in violation
14 of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements,
15 and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in
16 a practice whereby Defendants failed to correctly calculate compensation for the time worked by
17 Class Members, even though Defendants enjoyed the benefit of this work, required Class Members
18 to perform this work and permitted or suffered to permit this work. Defendants have uniformly
19 denied these Class Members wages to which these employees are entitled to and failed to provide
20 meal periods or authorize and permit rest periods, in order to unfairly cheat the competition and
21 unlawfully profit.

22       34.    This action has been brought and may properly be maintained as a class action under
23 the provisions of Code of Civil Procedure § 382 because there is a well-defined community of
24 interest in litigation and proposed class is easily ascertainable.

25       **A.    Numerosity**

26       35.    The potential members of the class as defined are so numerous that joinder of all the
27 members of the class is impracticable. While the precise number of class members has not been
28 determined at this time, Plaintiff is informed and believes that Defendants employ or, during the

1   time period relevant to this lawsuit, employed hundreds of employees who satisfy the Class

2   definition within the State of California.

3       36.     Accounting for employee turnover during the relevant time period increases this

4   number substantially. Plaintiff alleges that Defendants' employment records will provide

5   information as to the number and location of all Class Members.

6   **B.    Commonality**

7       37.     There are questions of law and fact common to the Class that predominates over any

8   questions affecting only individual Class Members. These common questions of law and fact

9   include:

10      a.     Whether Defendants failed to pay Class Members minimum wages;

11      b.     Whether Defendants failed to pay Class Members wages for all hours worked;

12      c.     Whether Defendants failed to pay Class Members overtime as required under Labor

13              Code § 510;

14      d.     Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable

15              IWC Wage Orders, by failing to provide Class Members with requisite meal

16              periods or premium pay in lieu thereof;

17      e.     Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage

18              Orders, by failing to authorize and permit Class Members to take requisite rest

19              breaks or provide premium pay in lieu thereof;

20      f.     Whether Defendants violated Labor Code § 226(a) by providing Class Members

21              with inaccurate wage statements;

22      g.     Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay

23              wages and compensation due and owing at the time of termination of employment;

24      h.     Whether Defendants' conduct was willful;

25      i.     Whether Defendants violated Labor Code § 226 and § 1174 and the IWC Wage

26              Orders by failing to maintain accurate records of Class Members' earned wages and

27              work periods;

28      j.     Whether Defendants violated Labor Code § 1194 by failing to compensate all Class

1     Members during the relevant time period for all hours worked, whether regular or

2     overtime;

3     k.    Whether Defendants violated <u>Labor Code</u> § 204 by failing to timely pay wages;

4     l.    Whether Defendants violated <u>Labor Code</u> § 2802 by failing to reimburse all

5           necessary business expenses Defendants required them to incur in performing their

6           job duties;

7     m.    Whether Defendants violated Labor Code § 221;

8     n.    Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*; and

9     o.    Whether Class Members are entitled to equitable relief pursuant to <u>Business and</u>

10          <u>Professions Code</u> § 17200 *et seq.*

11    **C.    Typicality**

12    38.    The claims of the named Plaintiff is typical of those of Class Members. The Class

13    Members all sustained injuries and damages arising out of and caused by Defendants' common

14    course of conduct in violation of statutes, as well as regulations that have the force and effect of

15    law, as alleged herein.

16    **D.    Adequacy of Representation**

17    39.    Plaintiff will fairly and adequately represent and protect the interest of the Class

18    Members. Counsel who represents Class Members are experienced and competent in litigating

19    employment class actions.

20    **E.    Superiority of Class Action**

21    40.    A class action is superior to other available means for the fair and efficient

22    adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

23    questions of law and fact common to all Class Members predominate over any questions affecting

24    only individual Class Members. Each Class Member has been damaged and is entitled to recovery

25    by reason of Defendants' illegal policies or practices of failing to compensate Class Members

26    properly.

27    41.    As to the issues raised in this case, a class action is superior to all other methods for

28    the fair and efficient adjudication of this controversy, as joinder of all Class Members is

1   impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class

2   Members. Further, as the economic or other loss suffered by vast numbers of Class Members may

3   be relatively small, the expense and burden of individual actions makes it difficult for the Class

4   Members to individually redress the wrongs they have suffered. Moreover, in the event

5   disgorgement is ordered, a class action is the only mechanism that will permit the employment of

6   a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in

7   managing this case as a class action, and proceeding on a class-wide basis will permit Class

8   Members to vindicate their rights for violations they endured which they would otherwise be

9   foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to

10  them.

11       42.    Class action treatment will allow those persons similarly situated to litigate their

12  claims in the manner that is most efficient and economical for the parties and the judicial system.

13  Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment.

14  Plaintiff contemplates the eventual issuance of notice to the proposed Class Members that would

15  set forth the subject and nature of the instant action. The Defendants' own business records can be

16  utilized for assistance in the preparation and issuance of the contemplated notices. To the extent

17  that any further notice is required, additional media and/or mailings can be used.

18       43.    Defendants, as prospective and actual employers of the Class Members, had a

19  special fiduciary duty to disclose to prospective Class Members the true facts surrounding

20  Defendants' pay practices, policies and working conditions imposed upon Class Members as well

21  as the effect of any alleged arbitration agreements that may have been forced upon them. In

22  addition, Defendants knew they possessed special knowledge about pay practices and policies,

23  most notably intentionally refusing to pay for all hours actually worked which should have been

24  recorded in Defendants' pay records and the consequence of the alleged arbitration agreements

25  and policies and practices on Class Members.

26       44.    Class Members did not discover the fact that they were entitled to all pay under the

27  Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about

28  Plaintiff's and the Class's waiver of their Constitutional rights of trial by jury, right to collectively

1  organize and oppose unlawful pay practices under California law as well as obtain injunctive relief

2  preventing such practices from continuing. As a result, the applicable statutes of limitation were

3  tolled until such time as Plaintiff and the Class Members discovered their claims.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

7      45.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

8  full herein.

9      46.    Defendants failed to pay Class Members minimum wages for all hours worked.

10  Defendants had a consistent policy of misstating Class Members' time records and failing to pay

11  Class Members for all hours worked. Class Members would work hours and not receive wages,

12  including as alleged above in connection with off the clock work and unlawful rounding of hours.

13  Defendants, and each of them, have intentionally and improperly changed, adjusted and/or

14  modified the hours of Class Members, which resulted in off the clock work and underpayment of

15  all wages owed to Class Members over a period of time, while benefiting Defendants. During the

16  relevant time period, Defendants thus regularly failed to pay minimum wages to Class Members,

17  to their detriment. Additionally, Defendants had a consistent policy of failing to pay Class

18  Members for hours worked during alleged meal and rest periods for which Class Members were

19  consistently denied, as also addressed herein. Defendants' uniform pattern of unlawful wage and

20  hour practices manifested, without limitation, applicable to the Class as a whole, as a result of

21  implementing a uniform policy and practice that denied accurate compensation to Class Members

22  as to minimum wage pay.

23      47.    In California, employees must be paid at least the then applicable state minimum

24  wage for all hours worked. (IWC Wage Order MW-2014). Additionally, pursuant to California

25  Labor Code § 204, other applicable laws and regulations, and public policy, an employer must

26  timely pay its employees for all hours worked. Defendants failed to do so.

27      48.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

28  "The minimum wage for employees fixed by the commission is the minimum wage to be paid to

- 15 -

CLASS ACTION COMPLAINT

1   employees, and the payment of a less wage than the minimum so fixed is unlawful."

2       49.    The applicable minimum wages fixed by the commission for work during the

3   relevant period is found in Paragraph 4(A)-4(D) of the IWC Wage Orders.

4       50.    The minimum wage provisions of California Labor Code are enforceable by private

5   civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to

6   work for a lesser wage, any employee receiving less than the legal minimum wage or the legal

7   overtime compensation applicable to the employee is entitled to recover in a civil action the

8   unpaid balance of the full amount of this minimum wage or overtime compensation, including

9   interest thereon, reasonable attorney's fees and costs of suit."

10      51.    As described in California Labor Code §§ 1185 and 1194.2, any action for wages

11  incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also,

12  California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage

13  Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for

14  all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may

15  be used as a credit against a minimum wage obligation.

16      52.    In committing these violations of the California Labor Code, Defendants

17  inaccurately recorded, or required Class Members to input times that did not reflect their actual

18  hours worked, or calculated the correct time worked and consequently underpaid the actual time

19  worked by Class Members. Defendants acted in an illegal attempt to avoid the payment of all

20  earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare

21  Commission requirements and other applicable laws and regulations. As a result of these

22  violations, Defendant also failed to timely pay all wages earned in accordance with California

23  Labor Code § 1194.

24      53.    California Labor Code § 1194.2 also provides for the following remedies: "In any

25  action under Section 1194 . . . to recover wages because of the payment of a wage less than the

26  minimum wages fixed by an order of the commission, an employee shall be entitled to recover

27  liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

28      54.    In addition to restitution for all unpaid wages, pursuant to California Labor Code §

1197.1, Class Members are entitled to recover a penalty of $100.00 for the initial failure to timely
pay each employee minimum wages, and $250.00 for each subsequent failure to pay each
employee minimum wages.

55.    Pursuant to California Labor Code § 1194.2, Class Members are further entitled to
recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

56.    Defendants have the ability to pay minimum wages for all time worked and have
willfully refused to pay such wages with the intent to secure for Defendants a discount upon this
indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Class Members.

57.    Wherefore, Class Members are entitled to recover the unpaid minimum wages
(including double minimum wages), liquidated damages in an amount equal to the minimum
wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant
to California Labor Code § 1194(a). Plaintiff and the other members of the Class further request
recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the
assessment of any statutory penalties against Defendants, in a sum as provided by the California
Labor Code, including § 558, and/or other applicable statutes.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510

### (Against All Defendants)

58.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in
full herein.

59.    California Labor Code § 1194 provides that "any employee receiving less than the
legal minimum wage or the legal overtime compensation applicable to the employee is entitled to
recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime
compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action
may be maintained directly against the employer in an employee's name without first filing a
claim with the Division of Labor Standards and Enforcement.

60.    By their conduct, as set forth herein, Defendants violated California Labor Code §
510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Class

1 | Members: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8)
2 | hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours
3 | worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for
4 | hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of
5 | eight (8) hours on any seventh day of work in a workweek.

6 |     61.    Defendants had a consistent policy of not paying Class Members wages for all
7 | hours worked, including by requiring off the clock work and unlawfully rounding down actual
8 | hours worked, as addressed above. Defendants, and each of them, have intentionally and
9 | improperly rounded, changed, adjusted, and/or modified certain employees' hours, including
10 | Plaintiff's, in order to avoid paying Class Members all earned and owed straight time and
11 | overtime wages and other benefits, in violation of the California Labor Code, the California Code
12 | of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor
13 | Standards and Enforcement. Defendants have also violated these provisions by requiring Class
14 | Members to work through portions of their meal period. Therefore, Class Members were not
15 | properly compensated, nor were they paid overtime rates for hours worked in excess of eight hours
16 | in a given day, and/or forty hours in a given week. Based on information and belief, Defendants
17 | did not make available to Class Members a reasonable protocol for correcting time records when
18 | Class Members worked overtime hours or to fix incorrect time entries or those that Defendants
19 | unlawfully rounded to the Class Members' detriment.

20 |     62.    Defendants' failure to pay Class Members the unpaid balance of regular wages
21 | owed and overtime compensation, as required by California law, violates the provisions of Labor
22 | Code §§ 510 and 1198, and is therefore unlawful.

23 |     63.    Additionally, Labor Code § 558(a) provides "any employer or other person acting
24 | on behalf of an employer who violates, or causes to be violated, a section of this chapter or any
25 | provisions regulating hours and days of work in any order of the IWC shall be subject to a civil
26 | penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each
27 | pay period for which the employee was underpaid in addition to an amount sufficient to recover
28 | underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each

1  underpaid employee for each pay period for which the employee was underpaid in addition to an

2  amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall

3  be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in

4  this section are in addition to any other civil or criminal penalty provided by law." Defendants

5  have violated provisions of the Labor Code regulating hours and days of work as well as the IWC

6  Wage Orders. Accordingly, Plaintiff and the Class Members seek the remedies set forth in Labor

7  Code § 558.

8         64.    Defendants' failure to pay compensation in a timely fashion also constituted a

9  violation of California Labor Code § 204, which requires that all wages shall be paid

10 semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct

11 violation of that provision of the California Labor Code, Defendants have failed to pay all wages

12 and overtime compensation earned by Class Members. Each such failure to make a timely

13 payment of compensation to Class Members constitutes a separate violation of California Labor

14 Code § 204.

15        65.    Class Members have been damaged by these violations of California Labor Code

16 §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

17        66.    Consequently, pursuant to the California Labor Code, including Labor Code §§

18 204, 510, 558, and 1194, and the applicable IWC Wage Order, paragraph 3(A) and 4(B),

19 Defendants are liable to Class Members for the full amount of all their unpaid wages and overtime

20 compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the

21 assessment of any statutory penalties against Defendants, and each of them, and any additional

22 sums as provided by the Labor Code and/or other statutes.

23

24                          **THIRD CAUSE OF ACTION**

25          **MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

26                            **(Against All Defendants)**

27        67.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

28 full herein.

68.     Class Members regularly worked shifts greater than five (5) hours and in some instances, greater than ten (10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

69.     Defendants failed to provide Class Members with meal periods as required under the Labor Code. Defendants placed their needs over Class Members lawful meal breaks and this resulted in Class Members consistently having to work through their scheduled meal breaks because the demands of the job would not avail them the opportunity to take a lawfully uninterrupted and off-duty meal break. Furthermore, upon information and belief, on the occasions when Class Members worked more than ten (10) hours in a given shift, they did so without receiving a second uninterrupted thirty (30) minute meal period as required by law.

70.     Defendants thus failed to provide Class Members with meal periods as required by the Labor Code, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during breaks.

71.     Moreover, Defendants failed to compensate Class Members for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraph 11 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed to compensate Class Members for each meal period not provided or inadequately provided, as required under Labor Code § 226.7.

72.     Therefore, pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, paragraph 11, Class Members are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and other statutes.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

73.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

74.     <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours.

75.     Class Members consistently worked consecutive four (4) hour shifts and were generally scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and permit them to take rest periods. Pursuant to the <u>Labor Code</u> and the applicable IWC Wage Order, Class Members were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, and Defendants failed to provide Class Members with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift. Defendants placed their needs over Class Members lawful rest breaks, and this resulted in Class Members consistently having to work through their scheduled rest breaks because the demands of the job would not avail them the opportunity to take a lawfully uninterrupted and off-duty rest break. Thus, Class Members were consistently denied their rest breaks.

76.     <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

77.     Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Class Members in violation of <u>Labor Code</u> §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

78.     Defendants failed to authorize and permit Class Members to take rest periods, as required by the <u>Labor Code</u>. Moreover, Defendants did not compensate Class Members with an additional hour of pay at each Class Member's effective hourly rate for each day that Defendants

1  failed to provide them with adequate rest breaks, as required under Labor Code § 226.7.

2       79.    Therefore, pursuant to Labor Code § 226.7 and paragraph 12 of the applicable IWC

3  Wage Orders, Class Members are entitled to damages in an amount equal to one (1) hour of wages

4  at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to

5  be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each

6  of them, in a sum as provided by the Labor Code and/or other statutes.

7  **FIFTH CAUSE OF ACTION**

8  **VIOLATION OF <u>LABOR CODE</u> § 226(a)**

9  **(Against All Defendants)**

10       80.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

11  full herein.

12       81.    California Labor Code § 226(a) requires an employer to furnish each of his or her

13  employees with an accurate, itemized statement in writing showing the gross and net earnings,

14  total hours worked, and the corresponding number of hours worked at each hourly rate; these

15  statements must be appended to the detachable part of the check, draft, voucher, or whatever else

16  serves to pay the employee's wages; or, if wages are paid by cash or personal check, these

17  statements may be given to the employee separately from the payment of wages; in either case the

18  employer must give the employee these statements twice a month or each time wages are paid.

19       82.    Defendants failed to provide Class Members with accurate itemized wage

20  statements in writing, as required by the Labor Code. Specifically, Labor Code § 226(a)(9)

21  requires wage statements to include all applicable hourly rates in effect during the pay period and

22  the corresponding number of hours worked at each hourly rate by the employee. The wage

23  statements provided to Class Members failed to include all applicable hourly rates in effect during

24  the pay period. Thus, the wage statements Defendants provided to Class Members do not comply

25  with Labor Code § 226(a)(9). Further, the wage statements given to Class Members failed to

26  accurately account for unpaid wages and overtime because Defendants under-reported Class

27  Members' actual hours worked due to the off the clock work and unlawfully rounded time entries

28  to the detriment of Class Members. Additionally, the wage statements given to Class Members

- 22 -
CLASS ACTION COMPLAINT

1 failed to accurately account for premium pay for deficiently provided meal periods and rest

2 breaks. Moreover, the wage statements given to Class Members contain unlawful deductions by

3 Defendants.

4        83.     Throughout the liability period, Defendants intentionally failed to furnish to Class

5 Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages

6 earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any

7 applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the

8 inclusive dates of the period for which the employee is paid, (7) the name of the employee and

9 only the last four digits of his or her social security number or an employee identification number

10 other than a social security number, (8) the name and address of the legal entity that is the

11 employer and (9) all applicable hourly rates in effect during the pay period and the corresponding

12 number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226,

13 amongst other statutory requirements. Defendants knowingly and intentionally failed to provide

14 Class Members with such timely and accurate wage and hour statements.

15        84.     Class Members suffered injury as a result of Defendants' knowing and intentional

16 failure to provide them with the accurate wage and hour statements as required by law and are

17 presumed to have suffered injury and be entitled to penalties under Labor Code § 226(e), as the

18 Defendants have failed to provide wage statements with accurate and complete information as

19 required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and Class

20 Members cannot promptly and easily determine from the wage statement alone one or more of the

21 following: (i) The amount of the gross wages or net wages paid to the employee during the pay

22 period or any of the other information required to be provided on the itemized wage statement

23 pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the

24 employer made from gross wages to determine the net wages paid to the employee during the pay

25 period, (iii) The name and address of the employer and, (iv) The name of the employee and only

26 the last four digits of his or her social security number or an employee identification number other

27 than a social security number. For purposes of Labor Code § 226(e) "promptly and easily

28 determine" means a reasonable person [i.e. an objective standard] would be able to readily

1    ascertain the information without reference to other documents or information.

2        85.    Therefore, as a direct and proximate cause of Defendants' violation of Labor Code

3    § 226(a), Class Members suffered injuries, including among other things confusion over whether

4    they received all wages owed to them, the difficulty and expense involved in reconstructing pay

5    records, and forcing them to make mathematical computations to analyze whether the wages paid

6    in fact compensated them correctly for all hours worked.

7        86.    Pursuant to Labor Code §§ 226(a) and 226(e) and 1174, and the applicable IWC

8    Wage Order, paragraph 7(B), Class Members are entitled to recover the greater of all actual

9    damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

10    hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate

11    penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and

12    reasonable attorneys' fees.

13                            **SIXTH CAUSE OF ACTION**

14                        **VIOLATION OF LABOR CODE § 203**

15                            **(Against All Defendants)**

16        87.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

17    full herein.

18        88.    Numerous Class Members are no longer employed by Defendants; they either quit

19    Defendants' employ or were fired therefrom.

20        89.    Defendants failed to pay these Class Members all wages due and certain at the time

21    of termination or within seventy-two (72) hours of resignation.

22        90.    The wages withheld from these Class Members by Defendants remained due and

23    owing for more than thirty (30) days from the date of separation from employment.

24        91.    Defendants failed to pay Class Members without abatement, all wages as defined

25    by applicable California law. Class Members were not paid all regular and overtime wages

26    because Defendants failed to pay for all hours worked, required off the clock work, unlawfully

27    rounded hours worked to the detriment of Class Members and failed to pay for all hours worked

28    by required off the clock work. Additionally, Defendants failed to pay premium wages owed for

1  unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants'

2  failure to pay said wages within the required time was willful within the meaning of Labor Code §

3  203.

4      92.    Defendants' failure to pay wages, as alleged entitles these Class Members to

5  penalties under Labor Code § 203, which provides that an employee's wages shall continue until

6  paid for up to thirty (30) days from the date they were due.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 204**

**(Against All Defendants)**

10      93.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

11  full herein.

12      94.    Labor Code § 204 instructs that: "All wages, …earned by any person in any

13  employment are due and payable twice during each calendar month, on days designated in

14  advance by the employer as the regular paydays. Labor performed between the 1st and 15th days,

15  inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month

16  during which the labor was performed, and labor performed between the 16th and the last day,

17  inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following

18  month." Additionally, the requirements of this section shall be deemed satisfied by the payment of

19  wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven

20  calendar days following the close of the payroll period." As detailed above, Defendants

21  maintained a consistently applied policy and practice of not paying all wages earned between the

22  1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned

23  between the 16th and the last day of the month between the 1st and 10th day of the following month.

24  Defendants similarly failed to pay all wages earned by not more than seven calendar days

25  following the close of the payroll period. These failures all arose from Defendants' failure to pay

26  for all hours worked, as detailed above.

27      95.    All wages due and owing to Plaintiff and the Class Members, including as required

28  under Labor Code § 510, were therefore not timely paid by Defendants, as addressed in detail

- 25 -

CLASS ACTION COMPLAINT

1    above. Additionally, wages required by Labor Code § 1194 and other sections became due and

2    payable to each Class Member in each pay period that he or she was not provided with a meal

3    period or rest period or paid straight or overtime wages or commissions to which he or she was

4    entitled.

5         96.    Defendants thus violated Labor Code § 204 by systematically refusing to pay

6    wages due under the Labor Code, as addressed above. Additionally, under paragraph 4(B) of the

7    applicable IWC Wage Orders, employers are required "to pay each employee, on the established

8    payday for the period involved, not less than the applicable minimum wage for all hours worked in

9    the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer

10   hours than those fixed by the order or under conditions of labor prohibited by the order is

11   unlawful." Plaintiff and the Class Members may therefore pursue damages and penalties for

12   violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including

13   penalties under paragraph 20 of the applicable IWC Wage Orders.

14        97.    As a result of the unlawful acts of Defendants, Plaintiff and Class Members seek to

15   represent they have been deprived of wages in amounts to be determined at trial, and they are

16   entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

17   pursuant to Labor Code § 210, 218.5, 1194 and 1198, and paragraphs 4(B) and 20 of the

18   applicable IWC Wage Orders.

19                              **EIGHTH CAUSE OF ACTION**

20   **FAILURE TO KEEP REQUIRED PAYROLL RECORDS UNDER LABOR CODE § 1174**

21                                    **AND 1174.5**

22                              **(Against All Defendants)**

23        98.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

24   full herein.

25        99.    California Labor Code § 1174 requires that all employers shall keep accurate time

26   and wage records for all employees. California Labor Code § 1174.5 further requires that any

27   employee suffering injury due to a willful violation of the aforementioned obligations may seek

28   damages, including civil penalties, from the employer.

1    100.    During the course of Plaintiff's and Class Members' employment, Defendants

2    consistently failed to maintain accurate time and wage records for Plaintiff and Class Members as

3    required by California Labor Code § 1174 by failing to pay Plaintiff and Class Members proper

4    wages, overtime, and premium pay as discussed above.

5    101.    Accordingly, Defendants are liable for civil penalties pursuant to the California

6    Labor Code § 1174.5 for the three (3) years prior to the filing of this Complaint.

7    **NINTH CAUSE OF ACTION**

8    **REIMBURSEMENT OF NECESSARY EXPENDITURES UNDER LABOR CODE § 2802**

9    **(Against All Defendants)**

10    102.    Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in

11    full herein.

12    103.    Under Labor Code § 2802(a) an employer must indemnify its employees for all

13    necessary expenditures or losses incurred by the employee in direct consequence of the discharge

14    of his or her duties, or of his or her obedience to the directions of the employer.

15    104.    Defendants have regularly required Plaintiff to incur business expenses in the course

16    of performing his required job duties for Defendants including for cell phone expenses, and the

17    purchase of kitchen gadgets. Upon information and belief, Class Members incurred similar costs.

18    These expenses incurred by Plaintiff and Class Members were necessary and required of them in

19    performing their assigned job duties, but Defendants failed to reimburse Plaintiff and Class

20    Members for all such necessary expenditures. Class Members were not reimbursed for those lawful

21    and necessary work related expenses or losses incurred in direct discharge of their job duties during

22    their employment with Defendants and at the direction of the Defendants pursuant to Labor Code §

23    2802(a) and the applicable IWC Wage Orders, paragraph 9.

24    105.    As a result of the unlawful acts of Defendants, Class Members have been deprived

25    of reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts,

26    plus interest and penalties thereon, attorneys' fees, and costs.

27    **TENTH CAUSE OF ACTION**

28    **VIOLATION OF LABOR CODE § 221**

1  **(Against All Defendants)**

2      1.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

3  full herein.

4      2.    Labor Code § 221 provides, "It shall be unlawful for any employer to collect or

5  receive from an employee any party of wages theretofore paid by said employer to said employee."

6      3.    Defendants unlawfully received and/or collected wages from employees. Defendants

7  unlawfully removed wages for meals that Employees did not receive in violation of Labor Code §

8  221.

9      4.    As a direct and proximate cause of the unauthorized deductions, Employees have

10  been damaged, in an amount to be determined at trial.

11  **ELEVENTH CAUSE OF ACTION**

12  **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

13  **(Against All Defendants)**

14      5.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

15  full herein.

16      6.    Plaintiff, on behalf of himself, Class Members, and the general public, brings this

17  claim pursuant to Business & Professions Code § 17200 *et seq.* The conduct of Defendants as

18  alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Class

19  Members and the general public. Plaintiff seeks to enforce important rights affecting the public

20  interest within the meaning of Code of Civil Procedure § 1021.5.

21      7.    Plaintiff is a "person" within the meaning of Business & Professions Code

22  § 17204, has suffered an injury, and therefore has standing to bring this cause of action for

23  injunctive relief, restitution, and other appropriate equitable relief.

24      8.    Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair

25  business practices. By the conduct alleged herein, Defendants' practices were deceptive and

26  fraudulent in that Defendants' policy and practice failed to provide the required amount of

27  compensation for missed meal and rest breaks, and failed to adequately compensate Class

28  Members for all hours worked, due to systematic business practices as alleged herein that cannot

1  be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission

2  requirements in violation of California Business and Professions Code §§ 17200, *et seq.,* and for

3  which this Court should issue injunctive and equitable relief, pursuant to California Business &

4  Professions Code § 17203, including restitution of wages wrongfully withheld.

5      9.      Wage-and-hour laws express fundamental public policies. Paying employees their

6  wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental

7  public policies of California. Labor Code § 90.5(a) articulates the public policies of this State

8  vigorously to enforce minimum labor standards, to ensure that employees are not required or

9  permitted to work under substandard and unlawful conditions, and to protect law-abiding

10  employers and their employees from competitors who lower costs to themselves by failing to

11  comply with minimum labor standards.

12      10.      Defendants have violated statutes and public policies. Through the conduct alleged

13  in this Complaint Defendants have acted contrary to these public policies, have violated specific

14  provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in

15  violation of Business & Professions Code § 17200 *et seq.*; which conduct has deprived Plaintiff,

16  and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges

17  guaranteed to all employees under the law.

18      11.      Defendants' conduct, as alleged above, constitutes unfair competition in violation

19  of the Business & Professions Code § 17200 *et seq*.

20      12.      Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

21  overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of

22  reasonable care should have known that their conduct was unlawful; therefore their conduct

23  violates the Business & Professions Code § 17200 *et seq*.

24      13.      By the conduct alleged herein, Defendants have engaged and continue to engage in

25  a business practice which violates California and federal law, including but not limited to, the

26  applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor

27  Code including Sections 203, 204, 226, 226.7, 512, 1194, 1197, and 1198, for which this Court

28  should issue declaratory and other equitable relief pursuant to California Business & Professions

1   Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair

2   competition, including restitution of wages wrongfully withheld.

3       14.    As a proximate result of the above-mentioned acts of Defendants, Class Members

4   have been damaged, in a sum to be proven at trial.

5       15.    Unless restrained by this Court Defendants will continue to engage in such

6   unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court

7   should make such orders or judgments, including the appointment of a receiver, as may be

8   necessary to prevent the use by Defendants or their agents or employees of any unlawful or

9   deceptive practice prohibited by the Business & Professions Code, including but not limited to the

10  disgorgement of such profits as may be necessary to restore Class Members to the money

11  Defendants have unlawfully failed to pay.

12                              **RELIEF REQUESTED**

13  WHEREFORE, Plaintiff prays for the following relief:

14      1.     For an order certifying this action as a class action;

15      2.     For compensatory damages in the amount of the unpaid minimum wages for work

16  performed by Class Members and unpaid overtime compensation from at least four (4) years prior

17  to the filing of this action, as may be proven;

18      3.     For liquidated damages in the amount equal to the unpaid minimum wage and

19  interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

20      4.     For compensatory damages in the amount of all unpaid wages, including overtime

21  and double-time pay, as may be proven;

22      5.     For compensatory damages in the amount of the hourly wage made by Class

23  Members for each missed or deficient meal period where no premium pay was paid therefor from

24  four (4) years prior to the filing of this action, as may be proven;

25      6.     For compensatory damages in the amount of the hourly wage made by Class

26  Members for each day requisite rest breaks were not provided or were deficiently provided where

27  no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as

28  may be proven;

1    7.    For penalties pursuant to Labor Code § 226(e) for Class Members, as may be

2    proven;

3    8.    For penalties pursuant to Labor Code § 203 for all Class Members who quit or were

4    fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

5    9.    For restitution and/or damages for all amounts unlawfully withheld from the wages

6    for all class members in violation of Labor Code § 204, as may be proven;

7    10.    For penalties pursuant to Labor Code §§ 226 and 1198.5, as may be proven;

8    11.    For restitution and/or damages for all amounts unlawfully withheld from the wages

9    for all Class Members in violation of Labor Code § 2802, as may be proven;

10    12.    For restitution and/or damages for all amounts unlawfully withheld from the wages

11    for all class members in violation of Labor Code § 221, as may be proven;

12    13.    For restitution for unfair competition pursuant to Business & Professions Code

13    § 17200 *et seq.*, including disgorgement or profits, as may be proven;

14    14.    For an order enjoining Defendants and their agents, servants, and employees, and

15    all persons acting under, in concert with, or for them, from acting in derogation of any rights or

16    duties adumbrated in this Complaint;

17    15.    For other wages and penalties under the Labor Code as may be proven;

18    16.    For all general, special, and incidental damages as may be proven;

19    17.    For an award of pre-judgment and post-judgment interest;

20    18.    For an award providing for the payment of the costs of this suit;

21    19.    For an award of attorneys' fees; and

22    20.    For such other and further relief as this Court may deem proper and just.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1   DATED: February 6, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

D.LAW, INC.

By: _____
Emil Davtyan
David Yeremian
Natalie Haritoonian
Andrea A. Amaya Silva
Attorneys for Plaintiff BRADLEY J. HASTY,
and all others similarly situated

1

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

2

3

DATED: February 6, 2025                    D.LAW, INC.

4

5

6    By: _____

Emil Davtyan

7    David Yeremian

Natalie Haritoonian

8    Andrea A. Amaya Silva

Attorneys for Plaintiff BRADLEY J. HASTY,

9    and all others similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Natalie Haritoonian (SBN 324318); Andrea Amaya (SBN 348080)<br>D.Law, Inc. -450 N Brand Blvd, Suite 840, Glendale, CA 91203<br><br>TELEPHONE NO.: (818) 962-6465    FAX NO.: (818) 962-6469<br>EMAIL ADDRESS: n.haritoonian@d.law; m.carraher@d.law<br>ATTORNEY FOR *(Name)*: Plaintiff, Bradley J. Hasty | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br><br>**02/06/2025**<br>**Clerk of the Court**<br>BY: SAHAR ENAYATI<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Hasty v. Hyatt Corporation Dba Hyatt Regency San Francisco Airport

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: **CGC-25-622191** |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: Eleven (11)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 6, 2025
Natalie Haritoonian
_____
(TYPE OR PRINT NAME)

▶ /s/ Natalie
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
  relations)*
Sister State Judgment
Administrative Agency Award
  *(not unpaid taxes)*
Petition/Certification of Entry of
  Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    | Print this form |  | Save this form |    | Clear this form |

# EXHIBIT B

1    SEYFARTH SHAW LLP
       Brian Long (SBN 232746)
2    bplong@seyfarth.com
       601 South Figueroa Street, Suite 3300
3    Los Angeles, California 90017-5793
       Telephone:    (213) 270-9600
4    Facsimile:    (213) 270-9601

5    SEYFARTH SHAW LLP
       Michael Afar (SBN 298990)
6    mafar@seyfarth.com
       2029 Century Park East, Suite 3500
7    Los Angeles, California 90067
       Telephone:    (310) 277-7200
8    Facsimile:    (310) 201-5219

9    Attorneys for Defendant
       HYATT CORPORATION
10   dba HYATT REGENCY SAN FRANCISCO

11

12                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      COUNTY OF SAN FRANCISCO

14

| | |
|---|---|
| 15   BRADLEY J. HASTY, an individual on behalf of himself and all others similarly situated, | Case No. CGC-25-622191 |
| 16 | |
| 17              Plaintiff, | **CLASS ACTION** |
| 18      v. | **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT** |
| 19   HYATT CORPORATION dba HYATT REGENCY SAN FRANCISCO, a Delaware Corporation; and DOES 1 through 50, inclusive, | Complaint Filed:   February 6, 2025 |
| 20 | |
| 21             Defendants. | |

22

23

24

25

26

27

28

Defendant Hyatt Corporation hereby answers Plaintiff Bradley J. Hasty's ("Plaintiff") unverified Class Action Complaint ("Complaint"), as set forth below.

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d) and (e), Defendant denies, generally and specifically, each and every allegation, statement, matter and purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff and those persons he seeks to represent have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant. Defendant further denies, generally and specifically, that Plaintiff and those persons he seeks to represent have suffered any damage or loss of wages, overtime, penalties, compensation, benefits or restitution, or is entitled to any other legal or equitable relief within the jurisdiction of this Court.

## SEPARATE ADDITIONAL AND AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative defenses, Defendant alleges the following defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statute of Limitations)

1.      The claims of Plaintiff and any persons whom Plaintiff purports to represent by this action are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those set forth in California Code of Civil Procedure §§ 312, 337, 338, 338.1, 339, 340, and 343, California Business & Professions Code § 17208, and/or the California Labor Code for claims alleged in the Complaint.

## SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

2.      The claims of Plaintiff and any persons whom Plaintiff purports to represent by this action are barred, in whole or in part, because Plaintiff fails to state facts sufficient to constitute a cause of action against Defendant.

## THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Estoppel)

3.    Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct by which they are estopped from asserting the causes of action in the Complaint against Defendant.

## FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.    Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

## FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Laches)

5.    Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of laches.

## SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Set Off)

6.    To the extent that Plaintiff and any persons Plaintiff purports to represent by this action are entitled to damages or penalties, Defendant is entitled to an offset for any overpayment of wages, forgiveness of debt, or other consideration previously provided to those parties.

## SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Waiver)

7.    Defendant is informed and believes and thereon alleges that Plaintiff and those persons he purports to represent have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

## EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

8.    Plaintiff's Complaint is barred by the doctrines of res judicata and collateral estoppel to

316801581v.1

the extent that Plaintiff and/or putative class members have asserted any similar claims to those alleged in the Complaint in a previous adjudication on the merits.

## NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Release)

9.      Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred by the doctrine of release as to Plaintiff and/or any putative class member who has given a release in exchange for adequate consideration.

## TENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

10.     To the extent Plaintiff accepted payments and releases, the underlying claims are barred by the doctrine of accord and satisfaction.

## ELEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Prompt Remedial Action)

11.     Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

## TWELFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Standing)

12.     Plaintiff's claims are barred to the extent that he lacks standing to pursue the claims for relief in the Complaint on behalf of some or all putative class members.

## THIRTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Statutory Penalties Unconstitutional)

13.     Plaintiff's claims for statutory penalties are barred because the provision of California law allowing the award of statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate Defendant's rights to due process and equal protection under the United States and California Constitutions.

1

## FOURTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

2

### (Excessive Fines)

3      14.    Plaintiff's claims for statutory penalties are barred because they constitute an excessive

4  fine in violation of the Eighth Amendment of the United States Constitution.

5

## FIFTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

6

### (Failure to Follow Employer's Established Procedures)

7      15.    The Complaint, and each purported cause of action, is barred to the extent Plaintiff or

8  others failed to comply with all directions of their employer concerning the service on which they were

9  engaged, pursuant to Labor Code section 2856.

10

## SIXTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

11

### (Due Process)

12      16.    Plaintiff's claims are barred because prosecution of this action by Plaintiff and the

13  putative class members as a class action would constitute a denial of Defendant's substantive and

14  procedural due process rights under the Fourteenth Amendment of the United States Constitution and

15  under the Constitution and laws of the State of California.

16

## SEVENTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

17

### (*De* Minimis Doctrine)

18      17.    Plaintiff's claims fail to the extent that even if Plaintiff or any purportedly similarly

19  situated current or former employee was not paid for any work performed while employed by

20  Defendant, which Defendant denies, including whether based on any alleged unlawful rounding

21  practices, such work is *de minimis*, as articulated under *Troester v. Starbucks Corp.*, 5 Cal. 5th 829

22  (2018).

23

## EIGHTEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

24

### (Neutral, Lawful Rounding)

25      18.    Plaintiff's claims fail to the extent that it alleges Defendant unlawfully rounds

26  employees' time punches, as Defendant's timekeeping practices are fair and neutral on their face, and

27  the timekeeping practices do not undercompensate employees because any alleged rounding is neutral or

28  favorable to employees in practice.

4

1

### NINETEENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

2

### (No Knowing and Intentional Violation of Labor Code)

3      19.    Any alleged violation of the California Labor Code was not knowing and intentional and

4 therefore Plaintiff's requested recovery is barred.

5

### TWENTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

6

### (Good Faith Dispute)

7      20.    Plaintiff is not entitled to any penalty because, at all times relevant and material herein,

8 Defendant did not willfully, or "knowingly and intentionally," fail to comply with any provisions of the

9 California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable

10 grounds for believing that it did not violate the California Labor Code or the applicable wage order.

11

### TWENTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

12

### (Action Unconstitutional)

13      21.    Prosecuting a class action and certification of the alleged class as representative of the

14 general public under California Business and Professions Code Section 17200 is barred, under the facts

15 and circumstances of this case, because provisions of Section 17200 violate the provisions of the United

16 States and California Constitutions, including but not limited to, the due process clauses of the Fifth and

17 Fourteenth Amendments to the United States Constitution.

18

### TWENTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

19

### (Lack of Standing Under Business and Professions Code Section 17200)

20      22.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

21 extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite

22 standing to sue under Proposition 64, enacted on November 2, 2004, as California Business and

23 Professions Code Section 17204.  Under Proposition 64, any plaintiff suing for an alleged violation of

24 the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section

25 17200, *et seq.*, must show that he or she has suffered an injury in fact, in addition to simply alleging a

26 loss of money or property.  Since Plaintiff, or any other person on whose behalf Plaintiff purports to act,

27 cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff

28 lacks standing to sue under the UCL.

316801581v.1

## TWENTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Exhaust Grievance Procedures)

23.     Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent that he has failed to exhaust the grievance and arbitration provisions of the applicable collective bargaining agreement.

## TWENTY-FOURTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Preemption)

24.     Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent it is preempted by federal law under 29 U.S.C. § 185 (Section 301 of the Labor Management Relations Act).

## TWENTY-FIFTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

25.     Defendant alleges, based on information and belief, that Plaintiff and those persons he purports to represent had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  By reason of the foregoing, Plaintiff and those persons he purports to represent are barred in whole or in part from recovery of damages from Defendant.

## TWENTY-SIXTH ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Knowledge Of Overtime Or Denial Of Meal Or Rest Periods)

26.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or those persons he purports to represent. Defendant also did not have actual or constructive knowledge that Plaintiff or those persons he purports to represent were denied any meal or rest periods.  *See, e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours are not a violation").

1

## TWENTY-SEVENTH ADDITIONAL OR AFFIRMATIVE DEFENSE

2

### (Failure to Take Provided Meal or Rest Periods)

3      27.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the

4 extent that Plaintiff and/or those individuals he seeks to represent were, at all relevant times, provided

5 with all required meal periods and authorized and permitted to take all required rest periods, and chose

6 not to take the meal periods and rest periods which were provided or authorized and permitted.

7

## TWENTY-EIGHTH ADDITIONAL OR AFFIRMATIVE DEFENSE

8

### (Waiver Of Meal Periods)

9      28.    Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent

10 that Plaintiff or those persons he purports to represent signed legally valid written waivers of any meal

11 periods or voluntarily waived meal periods.

12

## TWENTY-NINTH ADDITIONAL OR AFFIRMATIVE DEFENSE

13

### (Ratification)

14      29.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred on the

15 grounds that Plaintiff or any potential class member ratified Defendant's alleged actions.

16

## THIRTIETH ADDITIONAL OR AFFIRMATIVE DEFENSE

17

### (Failure To Inform Employer Of Alleged Violations)

18      30.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the

19 extent that Defendant did not have actual or constructive knowledge about any of the alleged violations

20 set forth in the Complaint.  Defendant did not have actual or constructive knowledge about any

21 purported off-the-clock work allegedly performed by Plaintiff or any potential class member.  Defendant

22 did not have actual or constructive knowledge about any alleged failure to pay minimum, overtime,

23 premium pay and/or other wages to Plaintiff or any potential class members.  Defendant did not have

24 actual or constructive knowledge that Plaintiff or any potential class members were allegedly not

25 reimbursed for necessary business expenses.  Plaintiff, therefore, did not provide Defendant with an

26 opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff

27 prior to the time he filed this lawsuit.

28

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

316801581v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTY-FIRST ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Failure To Show Entitlement To Waiting Time Penalties)

31.     Plaintiff's Complaint, and each and every claim contained therein, is barred to the extent that Plaintiff or those persons he purports to represent have failed to show that Defendant willfully, knowingly or intentionally did not pay all accrued wages, overtime wages or premium wages within the time required following any discharge or voluntary resignation of employment.  Plaintiff, and those persons he purports to represent, therefore cannot pursue claims for "waiting time" penalties under California Labor Code Section 203.

## THIRTY-SECOND ADDITIONAL OR AFFIRMATIVE DEFENSE

### (No Knowledge Of Reasonable And Necessary Business Expenses)

32.     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or those persons he purports to represent, did not inform Defendant of or seek indemnification for reasonably and necessarily incurred business expenses.  An employer cannot be held liable for failing to indemnify an employee's necessary expenses if it does not know or have reason to know that the employee has incurred the expense.

## THIRTY-THIRD ADDITIONAL OR AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

33.     Defendant may have additional, as yet unidentified defenses available.  Defendant reserves the right to assert any additional affirmative defenses that are supported by information or facts obtained through discovery or other means during this case, and it expressly reserves the right to amend this answer to assert such additional affirmative defenses in the future.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff, on behalf of himself and any persons whom Plaintiff purports to represent by this action, take nothing by the unverified Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff and all persons Plaintiff purports to represent by this action on all causes of action;

3.     That Defendant be awarded reasonable attorneys' fees according to proof;

316801581v.1

1          4.        That Defendant be awarded the costs of suit incurred herein; and

2          5.        That Defendant be awarded such other and further relief as the Court may deem

3     appropriate and proper.

4     DATED: March 19, 2025                          Respectfully submitted,

5                                                    SEYFARTH SHAW LLP

6

7                                                    By:

8                                                         Brian Long
                                                         Michael Afar
9                                                    Attorneys for Defendant
                                                     HYATT CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

316801581v.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
                                       )  SS
COUNTY OF LOS ANGELES                  )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California  90067-3021.  On March 19, 2025, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| Emil Davtyan, Esq. | Attorneys for Plaintiff Bradley J. Hasty |
| David Yeremian, Esq. | |
| Natalie Harittonian, Esq. | Telephone:  818-962-6465 |
| Andrea A. Amaya Silva, Esq. | Facsimile:  818-962-6469 |
| D.LAW, INC. | |
| 450 N. Brand Blvd, Suite 840 | email: emil@d.law;d.yeremian@d.law; |
| Glendale, CA 91203 | n.haritoonian@d.law.com; |
| | a.amaya@d.law |

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on March 19, 2025, at Los Angeles, California.

_____
Leigh-Anne Locke

# File & ServeXpress Transaction Receipt

## ✓ You have successfully submitted your transaction!

| | |
|---|---|
| **File & ServeXpress Transaction ID:** | 75895455 |
| **Submitted by:** | Hector Meza, Nationwide Legal File & Serve Inc |
| **Authorized by:** | Brian P Long, Seyfarth Shaw LLP-Los Angeles |
| **Authorize and file on:** | Mar 19 2025 1:26PM PDT  ℹ |
| **Time received by San Francisco County:** | Pending ℹ |

| | |
|---|---|
| **Court:** | CA Superior Court County of San Francisco-Civil |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Civil-General Civil-Unlimited - $35,001+ |
| **Case Type:** | Other Non-Exempt Complaints (Civil 3) |
| **Case Number:** | CGC-25-622191 |
| **Case Name:** | New Case |

| | |
|---|---|
| **Transaction Option:** | File Only |
| **Billing Reference:** | LA627316 |
| **Read Status for e-service:** | N/A |

**Documents List**

**1 Document(s)**

**Attached Document, 11 Pages**

| Document Type: | Access: | Statutory Fee: | Linked: |
|---|---|---|---|
| Answer (w/ Complex Litigation Fee) | Public | $1,435.00 | |

**Document title:**
DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT

Expand All

⊟ **Sending Parties (1)**

| Party ▲ | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| HYATT CORPORATION dba HYATT REGENCY SAN FRANCISCO, a Delaware Corporation | Defendant | No Answer on File | Firm TBD | Attorney in Charge |

⊟ **Recipients (0)**

⊟ Service List (0)

| Delivery Option | Party ▲ | Party Type | Attorney | Firm | Attorney Type | Method |
|---|---|---|---|---|---|---|
| No selections made. | | | | | | |

⊟ Additional Recipients (0)

⊞ **Case Parties**

[ Close ]

© 2025 File & ServeXpress, LLC. All rights reserved.

**Client Support**

☎ 1-888-529-7587

✉ support@fileandserve.com

💬 Chat Online