SEYFARTH SHAW LLP
Brian P. Long (SBN 232746)
bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

SEYFARTH SHAW LLP
Michael Afar (SBN 298990)
mafar@seyfarth.com
Sofya Perelshteyn (SBN 320931)
sperelshteyn@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
HYATT CORPORATION
dba HYATT REGENCY SAN FRANCISCO

*[Additional Counsel on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY J. HASTY, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYATT CORPORATION dba HYATT REGENCY SAN FRANCISCO, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:25-cv-02662-RFL<br><br>**CLASS ACTION**<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: June 18, 2025<br>Time: 10:00 a.m.<br><br>(San Francisco Superior Court,<br>Case No. CGC-25-622191)<br><br>Complaint Filed:   February 6, 2025 |

JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

318304760v.5

1  D. LAW, INC.
   Emil Davtyan (SBN 299363)
2  emil@d.law
   David Yeremian (SBN 226337)
3  d.yeremian@d.law
   Natalie Haritoonian (SBN 324318)
4  n.haritoonian@d.law
   Andrea A. Amaya Silva (SBN 348080)
5  a.amaya@d.law
   450 N. Brand Blvd., Suite 840
6  Glendale, CA 91203
   Telephone: (818) 962-6465
7  Facsimile: (818) 962-6469

8  Attorneys for Plaintiff
   BRADLEY J. HASTY

# JOINT CASE MANAGEMENT STATEMENT

Plaintiff Bradley J. Hasty ("Plaintiff") and Defendant Hyatt Corporation dba Hyatt Regency San Francisco ("Defendant") (collectively, the "Parties") hereby submit this Joint Initial Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, this Court's Standing Order for All Civil Cases, and this Court's Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. 5).

Counsel for Plaintiff and counsel for Defendant met and conferred pursuant to Local Rule 16-9 and Fed. R. Civ. P. 26(f). The Parties submit this Joint Case Management Statement in advance of the Initial Case Management Conference set for June 18, 2025 at 10:00 a.m.

## I. JURISDICTION AND SERVICE

Defendant removed this action to federal court on March 19, 2025, pursuant to the Class Action Fairness Act ("CAFA"). (Dkt. 1.) The Parties do not dispute the Court's jurisdiction of this case pursuant to CAFA.

## II. FACTS

### A. Plaintiff's Facts

Plaintiff filed his Class Action Complaint on February 5, 2025, alleging the following violations: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime Under Labor Code § 510; (3) Meal-Period Liability Under Labor Code § 226.7; (4) Rest-Break Liability Under Labor Code § 226.7; (5) Violation of Labor Code § 226(a); (6) Violation of Labor Code § 203; (7) Violation of Labor Code § 204; (8) Violation of Labor Code § 221; (9) Failure to Keep Required Payroll Records Under Labor Code §§ 1174 and 1174.5; (10) Failure to Reimburse Necessary Business Expenses Under Labor Code § 2802; and (11) Violation of Business & Professions Code § 17200 et seq.

As pled in the Complaint, Plaintiff seeks to represent a putative class of all current and former non-exempt hourly California employees of Defendant.

Principally, Plaintiff asserts Class members were either not paid by Defendant for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Plaintiff alleges that Defendant required Employees to work pre-shift and post-shift off the clock work for which they were not compensated for despite being subject to Defendant's control. Further, Plaintiff alleges Defendant

unlawfully rounded hours worked to Employees' detriment. Moreover, Plaintiff alleges Defendant failed to provide meal and rest breaks, failed to furnish accurate wage statements, failed to timely pay wages including final wages, failed to maintain accurate records, and failed to reimburse necessary business expenses all in violation of various provisions of the California Labor Code and applicable Wage Orders. Plaintiff further contends that sufficient common questions predominate such that this case may be maintained as a class action.

### B. Defendant's Facts

Defendant denies Plaintiff's class allegations, denies that Plaintiff or the proposed class members suffered any damages, denies that Plaintiff or the proposed class is/are entitled to any relief, and denies that this case is suitable for class certification.

## III. LEGAL ISSUES

### A. Plaintiff's Legal Issues

Plaintiff identifies the following preliminary legal issues:

a. whether Defendant's relevant wage and hour policies and practices comply with California law;

b. whether Defendant's properly compensated Plaintiff and the putative class members under California law;

c. whether the putative class should be certified under Rule 23;

d. whether Plaintiff, and any putative class action member, is entitled to recover any damages, penalties, or other remedies sought by Plaintiff; and

e. whether Plaintiff's claims are barred by Defendant's affirmative defenses.

### B. Defendant's Legal Issues

Defendant answered the operative Complaint, and in answering, denied all the material allegations in the Complaint and asserted numerous affirmative defenses.

Defendant denies Plaintiff's class allegations, denies that Plaintiff or the proposed class members suffered any damages, denies that Plaintiff or the proposed class is/are entitled to any relief, and denies that this case is suitable for class certification. At all times, Defendant has maintained lawful policies, which necessarily means that Plaintiff's claims would turn on individualized, fact-dependent inquiries

1  that predominate over any alleged common questions. *See, e.g.*, *McLeod v. Michael's Stores, Inc.*, 2009
2  WL 10674458, at *5 (C.D. Cal. Dec. 15, 2009) (denying class certification; "[Defendant's] policy is also
3  facially valid. … This claim would also turn on individualized, fact-dependent inquiries; common, class-
4  wide questions do not predominate. All the case law militates in favor of denying class certification in
5  the face of a lawful policy.") (emphasis added); *Ramirez v. GEO Grp.*, 2019 WL 6782920, at *6 (S.D.
6  Cal. Dec. 11, 2019) (where the "policy is lawful on its face, any violation would have to be determined
7  on a case-by-case basis, which precludes certification on this issue").

## IV. MOTIONS

### A. Plaintiff's Anticipated Motions

No motions are pending at this time. Plaintiff currently anticipates filing a motion for class certification under Rule 23.

### B. Defendant's Anticipated Motions

Defendant requests at least eight weeks to file its Opposition to any Motion for Class Certification, which will provide Defendant with the ability to take the depositions of individuals who provide declarations in support of Plaintiff's Motion and any expert depositions. Defendant is willing to meet and confer with Plaintiff to reach a mutually agreeable briefing schedule for Plaintiff's Motion for Class Certification.

Defendant may file a Motion to Dismiss Plaintiff's operative Complaint for failure to allege sufficient facts under the *Twombly/Iqbal* pleading standard with respect to his regular rate of pay, meal, and rest break claims. Defendant may also file a Motion to Dismiss Plaintiff's operative Complaint on the grounds that Plaintiff's overtime and timely payment of wages during employment claims are preempted based on the applicable CBA under the Labor Management Relations Act ("LMRA") Section 301. Should these anticipated motions be unsuccessful, Defendant may file a Motion for Judgment on the Pleadings on similar grounds.

Defendant may file a Motion to Deny Class Certification or a Motion for Decertification. Defendant may also file a Motion for Summary Judgment or Partial Summary Judgment. Additionally, Defendant may also bring motions to compel, motions *in limine*, and a motion to bifurcate.

/ / /

## V. AMENDMENT OF PLEADINGS

### A. Plaintiff's Statement

Plaintiff does not currently anticipate adding any more claims, class representatives or naming any more defendants, although they respectfully reserve the right to do so if necessary or appropriate at a later stage of this case. Plaintiff is in the process of determining whether further Doe Defendants exist and will confer with Defendant's counsel as necessary.

### B. Defendant's Statement

Defendant will meet and confer with Plaintiff to discuss their grounds for a Motion to Dismiss and/or Motion for Judgment on the Pleadings, as described in Section IV.B. Defendant will also meet and confer with Plaintiff to discuss consolidating this case with Plaintiff's overlapping representative action, as described in Section X., which is currently pending in this Court's jurisdiction.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

## VII. DISCLOSURES

The Parties agree to exchange Initial Disclosures under Fed. R. Civ. P. 26(a) by July 18, 2025.

## VIII. DISCOVERY

### A. Plaintiff's Discovery

Plaintiff does not believe a phased discovery process is necessary due to the overlap in certification and damages issues. Plaintiff intends to serve discovery related to the relevant policies, practices and procedures of Defendant, including but not limited to, meal breaks, rest breaks, issuance of wage statements and payment of wages, including final wages. Such discovery will include the depositions of Defendant's person(s) most knowledgeable of the relevant policies, practices or procedures. Plaintiff will also seek discovery related to Defendant's affirmative defenses.

///

4

JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

318304760v.5

**B.      Defendant's Discovery**

Defendant currently intends to depose Plaintiff and any declarants used in support of Plaintiff's Motion for Class Certification.  Defendant may also depose putative class members prior to the filing of any class certification motion.  Therefore, Defendant may seek depositions of opt-in plaintiffs or putative class members beyond the 10 depositions authorized by the Federal Rules of Civil Procedure.  Should that need arise as the litigation progresses, Defendant will meet and confer with Plaintiff.

Defendant will propound written discovery to Plaintiff, including but not limited to Requests for Production of Documents and Requests for Admission.  Defendant may later propound additional written discovery requests.  The scope and timing of additional discovery depends in large measure on whether the Court grants or denies Plaintiff's Motion for Class Certification.

Defendant is not aware of any issues relating to disclosure or discovery of electronically-stored information but will address any such issues in the event they arise.

The Parties agree that any inadvertent disclosures of attorney-client and/or work-product information will not constitute a waiver of such privilege or protection.

**IX.     CLASS ACTIONS**

**A.      Plaintiff's Position**

Plaintiff maintains that he has presented certifiable issues of law and fact. This is a class action which is maintainable under FRCP 23(B)(3). Facts supporting this designation are available in Plaintiff's operative complaint. Plaintiff proposes numerous subclasses as well as a general class of employees of Defendant. Each subclass is characterized by persons who suffered a violation of the specific cause of action alleged in Plaintiff's operative complaint. These violations are the result of common practices which are existent. Plaintiff maintains that he is typical of the proposed classes. Given the purported size of this class, a class action is certainly the superior method of adjudication and public policy is certainly served.

Plaintiff requests that the court set the deadline for Plaintiff to file his Class Certification motion for January 21, 2026. Lead attorney for Plaintiff, Natalie Haritoonian, will be on maternity leave from early July 2025 through October 2025, so Plaintiff requests the additional time in light of these extenuating circumstances.

5

**B.     Defendant's Position**

Defendant maintains that Plaintiff cannot meet his burden of proving that a class can be maintained under Rule 23 of the Federal Rules of Civil Procedure.

Specifically, Defendant denies that there are common questions of law or fact or that such common questions predominate.  Rather, Defendant asserts that the merits of Plaintiff's claims, as well as any purported damages, require an individualized inquiry into Plaintiff's and each proposed class member's particular circumstances, which precludes class certification.

Defendant further denies that Plaintiff's claims are typical of the proposed class.  Finally, Defendant denies that a class action is a superior method of adjudication and that public policy considerations are served by adjudicating this matter on a class-wide basis.

Defendant proposes that Plaintiff's Motion for Class Certification be filed by October 6, 2025, with Defendant's Opposition due by December 1, 2025.  Defendant request at least eight weeks to oppose Plaintiff's Motion for Class Certification, which will provide Defendant with the ability to take the depositions of individuals who provide declarations in support of Plaintiff's motion and any expert depositions.

Depending on the number of issues raised by Plaintiff in his Motion for Class Certification, Defendant also reserves its right to request relief from the page limit provided in Local Rules 7-2 and 7-3.

**X.     RELATED CASES**

**A.     Plaintiff's Statement**

On April 18, 2025, Plaintiff filed a lawsuit in San Francisco Superior Court against Defendant which seeks penalties under the Private Attorney General Act of 2004 ("PAGA").

**B.     Defendant's Statement**

Defendant is aware of one other cases asserted against it that is currently pending in this Court that was also filed by Plaintiff: *Bradley J. Hasty v. Hyatt Corporation, et al.*, Case No. 3:25-cv-04516-TSH ("PAGA Action").  In this pending class action case, Plaintiff seeks to represent non-exempt employees who worked at the Hyatt Regency San Francisco from February 6, 2021 to the present.  In his PAGA Action, Plaintiff alleges the same underlying Labor Code violations occurred at the same hotel,

and brings claims on behalf of allegedly aggrieved employees from April 18, 2024 to the present. Therefore, both cases involve the same parties, the same hotel location, the same underlying claims, and the same purported group of employees. The PAGA Action only adds an additional layer of PAGA penalties that are not alleged in the present class action. Therefore, the two overlapping cases must be consolidated into a single proceeding under a single consolidated complaint, in furtherance of judicial economy and to avoid inconsistent rulings.

XI.  **RELIEF**

    A.  **Plaintiff's Position**

Plaintiff seeks unpaid wages, premium wages, reimbursements of expenses, penalties, interest, attorneys' fees and costs on behalf of himself and the putative class.

    B.  **Defendant's Position**

Defendant denies Plaintiff's assertions and denies that Plaintiff or any putative class members are entitled to the relief sought in the operative Complaint or the Prayer, or any other relief sought whatsoever.

XII.  **SETTLEMENT AND ADR**

The Parties have considered alternative dispute resolution options pursuant to Civil Local Rule 16-8 and ADR Local Rule 3-5. The Parties filed their respective ADR Certifications on May 28, 2025 (Dkts. 13 and 14), indicating that the Parties intend to stipulate to an ADR process.

XIII.  **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

This matter has been assigned to the District Judge. The Parties decline to consent to have a Magistrate Judge conduct all further proceedings.

XIV.  **OTHER REFERENCES**

The Parties agree that this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The Parties do not consent to the jurisdiction of a magistrate judge.

///

///

///

## XV. NARROWING OF ISSUES

### A. Plaintiff's Position

At present, Plaintiff is unable to narrow any issues in this matter. However, Plaintiff agrees that as the case moves forward and discovery unfolds, Plaintiff will cooperate with Defendant to identify possibilities for narrowing of issues.

### B. Defendant's Position

As described in more detail above, Defendant believes that there may be dispositive or partially dispositive issues that can be narrowed in motions for summary judgment, and will meet and confer with Plaintiff regarding the narrowing of these issues at the appropriate time.

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties believe that this case is exempt from the Expedited Trial Procedure, given that it is being pursued as a class action.

## XVII. SCHEDULING

### A. Plaintiff's Position

Plaintiff requests that the court set the deadline for Plaintiff to file his Class Certification motion for January 21, 2026. Lead attorney for Plaintiff, Natalie Haritoonian will be on maternity leave from early July 2025 through October 2025, so Plaintiff requests the additional time in light of these extenuating circumstances.

### B. Defendant's Position

Defendant proposes that Plaintiff's Motion for Class Certification be filed by October 6, 2025, with Defendant's Opposition due by December 1, 2025.

Should the Court seek to set additional case deadlines at the Initial Case Management Conference, the Parties have attached their proposed schedule of discovery, motion, and trial-related deadlines as **Exhibit A**.

## XVIII. TRIAL

### A. Plaintiff's Position

Plaintiff demanded a jury trial in the Complaint. Plaintiff cannot reasonably estimate the length of trial until discovery unfolds, and the issues of class certification have been decided.

**B.     Defendant's Position**

Defendant contends that it is premature to estimate the amount of time needed for trial, because it is unclear which claims will proceed to trial on an individual basis or class action basis. If trial is limited to Plaintiff's individual claims, Defendant anticipates that trial would last approximately three days. However, if one or more claims are tried on a class action basis, Defendant believes it is possible that trial could last 30 days or more.

### XIX. DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On October 2, 2024, Defendant filed its Notice of Interested Parties, as required by Civil Local Rule 3-15. (*See* Dkt. No. 1-6.) There are no non-party interested entities or persons that have a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

### XX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: June 11, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Sofya Perelshteyn*
       Brian Long
       Michael Afar
       Sofya Perelshteyn
Attorneys for Defendant
HYATT CORPORATION

DATED: June 11, 2025

Respectfully submitted,

D.LAW, INC

By: */s/ Andrea A. Amaya*
       Emil Davtyan
       David Yeremian
       Natalie Haritoonian
       Andrea A. Amaya Silva
Attorneys for Plaintiff
BRADLEY J. HASTY

# EXHIBIT A

| Event | Plaintiff's Proposed Dates | Defendant's Proposed Dates |
|---|---|---|
| Last day to file a motion to add parties or amend pleadings. | July 18, 2025 | July 18, 2025 |
| Last day to file a motion for class certification | January 21, 2026 | October 6, 2025 |
| Last day to file an opposition to the motion for class certification | March 4, 2026 | December 1, 2025 |
| Last day to file a reply in support of the motion for class certification | April 3, 2026 | December 22, 2025 |
| Fact Discovery Cut-Off | August 13, 2026 | February 9, 2026 |
| Last day to file a dispositive motion | October 13, 2026 | March 9, 2026 |
| Expert Disclosures Due | TBD | TBD |
| Rebuttal Expert Disclosures Due | TBD | TBD |
| Expert Discovery Cut-Off | TBD | TBD |
| Mediation Completion Deadline | TBD | TBD |
| Final Pretrial Conference | TBD | TBD |