Natalie Haritoonian, Esq. (SBN 324318)
Andrea A. Amaya Silva, Esq. (SBN 348080)
D.LAW, INC.
Address: 250 N Madison Avenue, 2nd Floor
Pasadena, CA 91101-1639
Tel.: (818) 962-6465 / Fax: (818) 962-6469
Emails: N.Haritoonian@d.law, A.Amaya@d.law

Attorneys for Plaintiff BRADLEY J. HASTY,
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| BRADLEY J. HASTY, an individual on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HYATT CORPORATION dba HYATT REGENCY SAN FRANCISCO, a Delaware Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 3:25-cv-02662-RFL <br><br> **CLASS ACTION** <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Class Certification Hearing: <br> Date:  September 15, 2026 <br> Time:  10:00 a.m. <br><br> [Declaration of Bradley J. Hasty, Declaration of Natalie Haritoonian, Compendium of Declarations, and [Proposed] Order filed concurrently herewith] <br><br> Honorable Rita F. Lin <br> Courtroom 15, 18th Floor <br><br> Action filed: February 6, 2025 <br> Removal filed: March 19, 2025 <br><br> Trial date: None Set |

///

///

///

- 1 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 15, 2026, at 10:00 a.m. in Courtroom 15 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102 on the 18th Floor, Plaintiff Bradley J. Hasty, individually and on behalf of all others similarly situated, will and hereby does move this Honorable Court as follows:

1. For an order granting certification of the following class and subclasses:

**A general class:** All current and former employees within the State of California who, at any time from four years prior to filing this lawsuit ("Class Period"), are or were employed as hourly-paid, non-exempt employees by Defendant.[1]

**Subclass 1 - The Rounding Class:** All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period whom Defendant paid based on rounded time rather than actual hours worked.

**Subclass 2 – Off-the-Clock Class:** All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period whom Defendant failed to pay for all hours under Defendant's control.

**Subclass 3 - The Meal Period Class:** All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period who worked at least one shift of more than five hours at any time during the Class Period.

**Subclass 4 – Unlawful Deduction Subclass:** All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period whose pay records reflect a negative amount under an item identified as "OTHER (OT YES)."

---

[1] The class members who were subjected to Unfair Competition under Bus. & Prof. Code § 17200 are co-extensive with this general class definition.

2

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Subclass 5 - Inaccurate Wage Statement Subclass:** All members of any of the above classes who received a wage statement from Defendant on or after February 6, 2024.

2.  For an order appointing Plaintiff Bradley J. Hasty as the class representative;

3.  For an order appointing Natalie Haritoonian and Andrea A. Amaya Silva of D.Law, Inc., as class counsel under Fed. R. Civ. P. 23(g);

4.  For an order requiring Defendant Hyatt Corporation, dba Hyatt Regency San Francisco, to provide to Plaintiff Bradley J. Hasty a list of all class members, including their names, social security numbers, last known telephone numbers, last known e-mail addresses, and last known addresses for class notice purposes, within 30 days following this Court's order granting class certification; and

5.  For an order that Plaintiff's counsel and Defendant's counsel promptly meet-and-confer regarding a form of notice to the class and submit either an agreed-upon form or their respective requested form to this Court within 15 days following this Court's order granting class certification.

Alternatively, Plaintiff respectfully requests that the Court exercise its broad discretion and certify narrower or broader classes that the Court deems appropriate.

This Motion is brought under Fed. R. Civ. P. 23(a) and 23(b)(1) and (3). and is based on this Notice, the accompanying Memorandum of Points and Authorities, the declarations of Plaintiff Bradley J. Hasty, Natalie Haritoonian, the Compendium of Class Member Declarations, Plaintiff's anticipated reply papers in support of this Motion, the papers and records on file in this case, and upon any oral argument the Court may permit.

Dated: June 15, 2026                 D.LAW, INC.

                                   By: /s/ Natalie Haritoonian
                                   Natalie Haritoonian, Esq.
                                   Andrea A. Amaya Silva, Esq.
                                   Attorneys for Plaintiff, Bradley J. Hasty

- 3 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF CONTENTS

Page

I.    INTRODUCTION......................................................................................1

II.   PROPOSED CLASSES............................................................................2

III.  FACTS AND LAW REGARDING EACH CLAIM...................................3

    A.  Defendant's Operation ....................................................................3

    B.  The Rounding Subclass....................................................................4

        1.  Facts........................................................................................4

        2.  Law..........................................................................................5

    C.  Off-the-Clock Subclass....................................................................7

        1.  Facts........................................................................................7

        2.  Law..........................................................................................7

    D.  The Meal Period Subclass................................................................8

        1.  Facts........................................................................................8

        2.  Law..........................................................................................8

    E.  Unlawful Deduction Subclass .........................................................9

        1.  Facts........................................................................................9

        2.  Law........................................................................................10

    F.  Inaccurate Wage Statement Subclass .............................................10

    G.  17200 Subclass..............................................................................11

IV.   CLASS CERTIFICATION ANALYSIS ...............................................11

    A.  The Standards of Rule 23(a) are met ...............................................11

        1.  The Class is numerous and easily ascertainable ...................12

        2.  Common questions predominate..........................................12

            a)  Rounding ....................................................................13

            b)  Meals .........................................................................15

            c)  Off-the-Clock..............................................................16

            d)  Deductions .................................................................17

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

e) Derivative Claims ................................................................................ 17

3. Typicality is satisfied ................................................................................ 18

4. Adequacy is satisfied ................................................................................ 19

B. The Standards of Rule 23(b)(1) and (3) Have Been Met ............................................ 19

1. Rule 23(b)(1) ................................................................................ 20

2. Rule 23(b)(3) ................................................................................ 20

a) Predominance ................................................................................ 20

b) Superiority ................................................................................ 21

c) Manageability ................................................................................ 22

V. CONCLUSION ................................................................................ 23

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF AUTHORITIES

**Page**

**CASES**

*ABM Indus. Overtime Cases,* 19 Cal. App. 5th 277 (2017) ..........................................................17

*Aguilar v. Ass'n. of Retarded Citizens,* 234 Cal.App.3d 21 (1991) ...............................................14

*Alfred v. Pepperidge Farm, Inc.,* 322 F.R.D. 519 (C.D. Cal. 2017) .............................................21

*Arredondo v. Delano Farms Co.,* 301 F.R.D. 493 (E.D.Cal. Feb.21, 2014) ................................15

*Bell v. Farmers Ins. Exchange,* 115 Cal.App.4th 715 (2004) ........................................................23

*Boyd v. Bank of Am. Corp.*, 300 F.R.D. 431 (C.D. Cal. 2014).......................................................22

*Brinker Rest. Corp. v. Superior Court,* 53 Cal. 4th 1004 (2012) ........................................9, 13, 16

*Bruno v. Superior Court,* 127 Cal.App.3d 120 (1981)...................................................................23

*Camp v. Home Depot U.S.A., Inc.*, 84 Cal.App.5th 638 (2022)...............................................passim

*Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586 (E.D. Cal. 2008).....................12, 22

*Comcast Corp. v. Behrend*, 569 U.S. 27 (2013)..............................................................................20

*Dilts v. Penske Logistics, LLC,* 267 F.R.D. 625 (S.D. Cal. 2010)..................................................21

*Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977)...........................................12

*Donohue v. AMN Services, LLC,* 11 Cal.5th 58 (2021) ................................................9, 13, 14, 16

*Ellis v. Costco Wholesale Group*, 657 F.3d 970 (9th Cir. 2011)....................................................19

*Estrada v. Royalty Carpet Mills, Inc.*, 76 Cal.App.5th 685 (2022).................................................9

*Frlekin v. Apple Inc.,* 8 Cal.5th 1038 (2020)..............................................................................8, 14

*Garcia v. Cent. Coast Restaurants, Inc.,* No. 18-CV-02370-RS, 2022 WL 657972 (N.D. Cal.
    Mar. 4, 2022) ...........................................................................................................................16

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)................................................13, 20, 21

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992)........................................11, 12, 18

*Hernandez v. Mendoza* 199 Cal.App.3rd 721 (1988)....................................................................15

ii

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Hudgins v. Neiman Marcus Grp., Inc.,* 34 Cal. App. 4th 1109 (1995) ........................................10

*In re Integra Realty Resources, Inc.*, 354 F.3d 1246 (10th Cir. 2004)..........................................20

*In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 571 F.3d 953 (9th Cir. 2009) ...........20

*Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504 (C.D. Cal. 2012)...................................12

*Linder v. Thrifty Oil Co.*, 23 Cal.4th 429 (2000).........................................................................20

*McCollum v. TGI Fridays Inc.,* No. 8:22-CV-00392-FWS-JDE, 2024 WL 5423064 (C.D. Cal. Mar. 6, 2024 ........................................................................................................................16

*McKenzie v. Fed. Exp. Corp.,* 275 F.R.D. 290 (C.D. Cal. 2011) .................................................17

*Morgan v. Rohr, Inc.,* 2023 WL 8813171 (C.D. Cal. Dec. 20, 2023) .........................................16

*Morillion v. Royal Packing Co.,* 22 Cal. 4th 575 (2000)......................................................7, 8, 14

*Novoa v. Charter Commc'ns, LLC,* 100 F.Supp.3d 1013 (E.D. Cal. 2015)............................11, 18

*Prachasaisoradej v. Ralphs Grocery Co.*, 42 Cal. 4th 217 (2007) ..............................................10

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010).....................................................................19

*Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996 (9th Cir. 2018) ....................................................14

*Santillan v. Verizon Connect, Inc.*, No. 3:21-CV-1257-H-KSC, 2022 WL 4596574 (S.D. Cal. June 13, 2022) ..........................................................................................................14, 15, 16

*See's Candy Shops, Inc. v. Superior Court*, 210 Cal.App.4th 889 (2012).......................................6

*Smith v. Ford Motor Company,* 749 F.Supp.2 980 (N.D. Cal. 2010) .....................................11, 18

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ...............................................................12, 13

*Taylor v. Fedex Freight Inc.,* No. 13-CV-1137-LJO-BAM, 2015 WL 2358248 (E.D. Cal. May 15, 2015) ..............................................................................................................15, 16, 17

*Torres v. Air to Ground Services, Inc.*, 300 F.R.D. 386 (C.D. Cal. 2014) ..................................12

*Troester v. Starbucks Corporation*, 5 Cal.5th 829 (2018).............................................................8

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996) ...............................................21

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Vaquero v. Ashley Furniture Industries, Inc*., 824 F.3d 1150 (9th Cir. 2016) ............................21

*Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011)...................................................................13

*Woodworth v. Loma Linda University Medical Center*, 93 Cal.App.5th 1038 (2023)............5, 6, 7

**STATUTES**                                                                                                                **PAGE**

Business & Professions Code §17200 ......................................................................................11, 18

Cal. Code Regs., tit. 8, § 11050(7)(A)(3) ......................................................................................13

Cal. Code Regs., tit. 8, § 11050(11)(A)...........................................................................................9

Fed. R. Civ. P. 23(a) ......................................................................................................................12

Fed. R. Civ. P. 23(a)(1) .................................................................................................................12

Fed. R. Civ. P. 23(a)(4) .................................................................................................................19

Fed. R. Civ. P. 23(b)(1) .................................................................................................................20

Fed. R. Civ. P. 23(b)(3) .................................................................................................................21

Fed. R. Civ. P. 23(b)(1-3) ..............................................................................................................12

Labor Code § 226(a)......................................................................................................................11

Labor Code § 226(a)(9) .................................................................................................................18

Labor Code § 226.7(b) ....................................................................................................................9

Labor Code § 226(e)(2)(B)(i) ..................................................................................................17, 18

Labor Code § 226(e)(2)(C)............................................................................................................18

**OTHER AUTHORITIES**                                                                                            **PAGE**

CACI No. 2700...................................................................................................................................7

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

Defendant has two uniform policies that are patently unlawful – one that rounded employees' time to the nearest quarter hour, and another that deducted wages from employees' earnings without authorization. There is no question these policies support certification.

Defendant also utilizes two practices that lead to widespread Labor Code violations – one that fails to provide adequate coverage for meal periods, leading to late/short/missing breaks on 23% of all shifts, and another that disciplines employees for clocking in even one minute late while failing to furnish a sufficient number of time clocks, causing employees to wait in long lines to clock in. These practices likewise are subject to common proof, and, therefore, certifiable.

First, Defendant failed to compensate employees for all time worked because of its one-way rounding policy. Specifically, a majority of employees lost earned wages because Defendant rounded their time.

Second, Defendant failed to pay for all hours worked because it did not pay Class Members for time spent waiting in line to clock in. Although it amounted to only a few minutes every week, under California law, all time under an employer's control must be paid.

Third, time and payroll records show that employees' meal periods were missed, late, or short on approximately 23% of Class Members' shifts. Under the *Donohue* presumption, this establishes commonality for purposes of certification.

Third, Defendant unlawfully deducted wages from employees under a pay code identified as "OTHER (OT YES)." Plaintiff Hasty alone lost over $2,000 without explanation or authorization.

If Defendant's pay policies are deemed unlawful, Plaintiff will have a meritorious derivative Labor Code § 226 claim that is susceptible to common proof. The only issue to be resolved is whether the § 226 violations were intentional – an employer-focused question that can easily be determined on a class-wide basis.

Plaintiff presents substantial common evidence, including Defendant's written policies,

- 1 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

an expert analysis of a representative sampling of putative Class Members' time and wage records, and declarations from putative class members, in different positions, and throughout the class period, among other evidence. Plaintiff demonstrates that Defendant's uniform policies and practices resulted in unpaid time worked, waiting time penalties, and inaccurate wage statements on a class wide basis. The determination of whether Defendants' policies and practices violate California labor laws and whether employees are entitled to compensation for these violations are the primary common factual and legal issues in this litigation. Because common questions predominate, the named Plaintiff is an adequate class representative whose claims are typical of the claims of other class members, and a class action is far superior to other methods of resolving the issues in dispute, certification is proper.

## II. PROPOSED CLASSES

Plaintiff proposes a general class defined as:

All current and former employees within the State of California who, at any time from four years prior to filing this lawsuit ("Class Period"), are or were employed as hourly-paid, non-exempt employees by Defendant.[2]

Plaintiff further proposes the following subclasses:

**Subclass 1 - The Rounding Class:** All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period whom Defendant paid based on rounded time rather than actual hours worked.

**Subclass 2 – Off-the-Clock Class:** All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period whom Defendant failed to pay for all hours under Defendant's control.

**Subclass 3 - The Meal Period Class:** All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period who worked at least one shift of more than five hours at any time during the Class Period.

---

[2] The class members who were subjected to Unfair Competition under Bus. & Prof. Code § 17200 are co-extensive with this general class definition.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Subclass 4 – Unlawful Deduction Subclass:** All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time during the Class Period whose pay records reflect a negative amount under an item identified as "OTHER (OT YES)."

**Subclass 5 - Inaccurate Wage Statement Subclass:** All members of any of the above classes who received a wage statement from Defendant on or after February 6, 2024.

**III.    FACTS AND LAW REGARDING EACH CLAIM**

**A.    Defendant's Operations**

Defendant Hyatt Corporation, Inc., dba Hyatt Regency San Francisco, operates a hotel that employs workers in various departments such as hospitality, housekeeping, food service, maintenance, and guest services, amongst other departments. During the Class Period (February 6, 2021, to the present), Defendant employed approximately 750 nonexempt employees in California ("Class Members").[3]

The vast majority of Defendant's employees are members in a union, with about 100 Class Members who are not in the union.[4] The policies at issue here are applicable to both groups.[5]

During the first three years of the Class Period, Defendant used a timekeeping system called Kronos for employees to clock in and out of their shifts and meal periods.[6] Around February 2024, Defendant changed to a new timekeeping system called Dimensions.[7] Defendant has 11 timeclocks available for employees to clock in and out.[8]

Defendant had two employee handbooks that were in effect during the Class Period, a 2017 version and a 2023 version.[9] These policies and practices, including policies governing

---

[3] Ex. 3, Def's Response to Interrogatory No. 1.
[4] Ex. 1, Deposition of PMQ Eileen Caldwell ("PMQ Caldwell Depo.") at p. 30:5-8.
[5] See, e.g., Ex. 8, Def.'s Responses to Interrogatories, Set Two, Nos. 10, 11, 15, (applying policies to "all non-exempt employees" or "all employees").
[6] Ex. 1, PMQ Caldwell Depo. at p. 48:11-15.
[7] Ex. 1, PMQ Caldwell Depo. at p. 48:16-18.
[8] Ex. 1, PMQ Caldwell Depo. at pp. 48:24 and 109:10-11.
[9] Ex. 1, PMQ Caldwell Depo. at pp. 57:5-17; 58:13-18, and 60:1-4.

- 3 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

timekeeping, meal and rest period practices, and wage statement issuance, were implemented uniformly and applied to all non-exempt employees.[10] Defendant also utilized a standardized payroll system that generated wage statements in the same format for all non-exempt employees.[11]

### B.    The Rounding Subclass

#### 1.    Facts

Until February 2024, Defendant used a companywide rounding policy to round employees' time entries to the nearest quarter of an hour when they clocked in and out at the start and end of their shifts.[12] Defendant's uniform policy permitted employees to clock in up to five minutes before their scheduled shifts.[13] However, if employees clocked in even *one* minute *after* their scheduled start time, they were subject to discipline.[14] As a result, the rounding policy was a one-way policy in effect because employees were not allowed to benefit from late clock-ins. In other words, Class Members could not gain time by clocking in after their shift start times.

Defendant's uniform timekeeping policy required Class Members to "not clock in for work prior to being in full uniform and ready to begin work."[15] Thus, Plaintiff and Class Members promptly began working after clocking in.[16] After employees clock in, they are under Defendant's control; they cannot leave the premises or engage in personal activities.[17]

---

[10] Ex. 1, PMQ Caldwell Depo. at p. 57:18-21.
[11] Ex. 1, PMQ Caldwell Depo. at pp. 69:4-7 and 72:6-9.
[12] Ex. 1, PMQ Caldwell Depo. at p. 94:5-24; Ex. 8, Def.'s Response to Interrogatories, Set Two, No. 5; Ex. 2, Declaration of Aaron Fried ("Fried Decl."), ¶ 20.
[13] Ex. 1, PMQ Caldwell Depo. at p. 51:19-23; Ex. 4, Defendant's 2017 Employee Handbook, Hyatt-Hasty 000761; Ex. 5, Defendant's 2023 Employee Handbook, Hyatt-Hasty 0048.
[14] Ex. 1, PMQ Caldwell Depo. at pp. 66:10-14 and 67:22-25; Ex. 7, Attendance and Punctuality Policy Hyatt-Hasty 0004.
[15] Ex. 4, Defendant's 2017 Employee Handbook, Hyatt-Hasty 000761; Ex. 5, Defendant's 2023 Employee Handbook, Hyatt-Hasty 0048.
[16] Compendium of Declarations ("Comp. of Decl."): Declaration of Hugo Bullon ("Bullon Decl.") ¶ 5; Declaration of Karen Law ("Law Decl.") ¶ 6; Declaration of Maria De La L Cisneros Mancillas ("Cisneros Mancillas Decl.") ¶ 6.
[17] Declaration of Bradley J. Hasty ("Hasty Decl.")  ¶ 7; Comp. of Decl.: Declaration of Adrian Salgado ("Salgado Decl.") ¶ 5; Declaration of Hassely J. Ortiz ("Ortiz Decl.") ¶ 5; Law Decl. ¶ 5; Cisneros Mancillas Decl. ¶ 5.

- 4 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant's timekeeping policy required Class Members to accurately record hours worked.[18] Defendant's timekeeping system had the capability to—and did record—actual punch times of Plaintiff and Class Members.[19]

Under Defendant's uniform rounding policy, 45% of Class Members lost time, i.e., were compensated for fewer than their recorded hours, while 38% gained time.[20] The rounding policy negatively impacted 49.2% of all pay periods with undercompensation to Class Members.[21] In aggregate, employees averaged a loss of two minutes per pay period.[22]

Defendant does not know if the rounding policy was written anywhere.[23] Employees were not informed their time was being rounded.[24] There is no evidence that employees were allowed to review their time punches.[25] Defendant does not know if Defendant ever analyzed whether the rounding policy resulted in undercompensation of its employees.[26]

### 2. Law

Two recent California courts of appeal opinions apply here and render this case certifiable. The first, *Camp v. Home Depot U.S.A., Inc.*, 84 Cal.App.5th 638 (2022), came out on October 24, 2022. The California Supreme Court granted review of *Camp* in February 2023, but did not depublish the court of appeal opinion. *Camp v. Home Depot U.S.A., Inc.*, 304 Cal.Rptr.3d 82, S277518, review granted Feb. 1, 2023. The second, *Woodworth v. Loma Linda University Medical Center*, 93 Cal.App.5th 1038 (2023) agreed with and followed *Camp.*

*Camp* reiterated that the Labor Code contemplates that "employees will be paid for all work performed" and there is no provision of the Labor Code or the applicable wage orders allowing for rounding. *Camp,* 84 Cal.App.5th at p. 657. Moreover, *Camp* doubted "the

---

[18] Ex. 4, Def.'s 2017 Employee Handbook, Hyatt-Hasty 000761; Ex. 5, Def.'s 2023 Employee Handbook, Hyatt-Hasty 0048.
[19] Ex. 1, PMQ Caldwell Depo. at p. 95:10-16.
[20] Ex. 2, Fried Decl. ¶ 20.
[21] Ex. 2, Fried Decl. ¶ 20.
[22] Ex. 2, Fried Decl. ¶ 20.
[23] Ex. 1, PMQ Caldwell Depo. at pp. 94:16-18 and 107:23-108:2.
[24] Hasty Decl. ¶ 6; Comp. of Decl.: Bullon Decl. ¶ 5; Law Decl. ¶ 6.
[25] Ex. 1, PMQ Caldwell Depo. at pp. 96:3-5 and 107:23-108:2.
[26] Ex. 1, PMQ Caldwell Depo. at pp. 95:24-96:2 and 107:23-108:2.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

efficiencies historically attributed to time rounding given that advances in technology have enabled employers to more easily and more precisely capture time worked by employees." *Id.* at 658.

*Camp* rejected the defendant's explanation that "rounding makes it easier for employers to produce verifiable wage statements because unrounded time does not easily translate into the decimal system used to calculate ... pay" because it did not cite any "provision in California law that privileges arithmetic simplicity over paying employees for all time worked." *Id.*

*Camp* also rejected the defendant's argument that unrounded times do not accurately reflect work times because employees may engage in personal activities while on the clock; the defendant argued that rounding allows the employer to recoup that time. *Id.* at 659. The court was not persuaded because the defendant's written policy instructed that, "'[a]s a rule, you should not delete punches from timecards because they represent actual times that associates started and stopped working.'" *Id*. Further, no authority allows an employer to "'smooth out ... uncertainties'" in employee's work time. *Id*.

**In summary, the *Camp* court concluded that "if an employer, as in this case, can capture and has captured the exact amount of time an employee has worked during a shift, the employer must pay the employee for 'all the time' worked."** *Id.* at 660 (emphasis added).

Thereafter, *Woodworth,* 93 Cal. App. 5th 1056, detailed the reasoning of *Camp*, as Plaintiff has recounted above, and held that the intervening California Supreme Court opinions in *Donohue* and *Troester* rendered the *Camp* decision more persuasive than the prior precedent on the issue, *See's Candy Shops, Inc. v. Superior Court*, 210 Cal.App.4th 889, 903 (2012). *Id*.

The *Woodworth* court found, "The evidence in this case showed that under the rounding policy, (1) the medical center captured the exact number of minutes employees worked, and (2) Woodworth and many other employees were not paid for all time worked." *Id*. at 1058-59. As a result, the court held, "The [defendant] therefore was not entitled to summary adjudication on Woodworth's individual rounding claim or the PAGA rounding claim." *Id*.

In sum, under current California law, to establish his rounding claim, Plaintiff must show: (1) that Class Members performed work for Defendant; (2) Defendant captured the exact number

- 6 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

of minutes employees worked; (3) Defendant did not pay class members for all time worked; and (4) the amount of unpaid wages. CACI No. 2700; *Camp,* 84 Cal.App.5th at 660; *Woodworth,* 93 Cal. App. 5th at 1058. As addressed in full below, these questions can all be addressed with evidence common to all Class Members.

### C.    Off-the-Clock Subclass

#### 1.    Facts

Employees regularly arrived for their scheduled shifts and were required to wait in line to clock in.[27] Class Members had to wait up to five minutes before clocking in.[28] Defendant failed to compensate employees for this time.[29]

Defendant has 11 timeclocks available for employees to clock in[30] located in specific departments.[31] According to Defendant's written policy, employees are required to clock in at the time clock located nearest their department.[32] And according to Defendant's own testimony, some departments have only one timeclock.[33]

#### 2.    Law

Under California law, "hours worked" means the time an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so. *Morillion v. Royal Packing Co.,* 22 Cal.4th 575, 582 (2000) "[t]he level of the employer's control over its employees ... is determinative" in resolving the issue. *Id*. at 587. An employee who is subject to the control of an employer does not have to be working for the time to be compensable. *Id.*

---

[27] Comp. of Decl.: Salgado Decl. ¶ 5; Ortiz Decl. ¶ 5; Law Decl. ¶ 5; Cisneros Mancillas Decl. ¶ 5; Marcus Decl. ¶ 5.
[28] Comp. of Decl.: Ortiz Decl. ¶ 5; Cisneros Mancillas Decl. ¶ 5.
[29] Comp. of Decl.: Salgado Decl. ¶ 5; Ortiz Decl. ¶ 5; Law Decl. ¶ 5; Cisneros Mancillas Decl. ¶ 5; Marcus Decl. ¶ 5;
[30] Ex. 1, PMQ Caldwell Depo. at p. 48:23-24.
[31] Ex. 1, PMQ Caldwell Depo. at p. 55:15-22.
[32] Ex. 4, Defendant's 2017 Employee Handbook, Hyatt-Hasty 000761; Ex. 5, Defendant's 2023 Employee Handbook, Hyatt-Hasty 0048.
[33] Ex. 1, PMQ Caldwell Depo. at p. 55:17-22.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Under the control test, the question is whether the employer restricted employees' movement or otherwise required them to remain available for the employer's purposes, regardless of whether they were performing productive work. *Frlekin v. Apple Inc.,* 8 Cal. 5th 1038, 1047, 1056 (2020). In *Frlekin,* the California Supreme Court held that employees were entitled to compensation for time spent waiting for and undergoing mandatory exit searches because the employer controlled the employees' movements and prevented them from leaving until the process was completed. *Id.*  The relevant factors are whether: (1) the activity is mandatory; (2) employees were confined to the employer's premises; (3) participation in the activity is enforced; and (4) the employer was the primary beneficiary. *Id.*

Although the time waiting in line was only a few minutes every week, the de minimis rule is "not applicable to ... regularly reoccurring activities." *Troester v. Starbucks Corp.,* 5 Cal. 5th 829, 848 (2018).

### D.    The Meal Period Subclass

#### 1.    Facts

Defendant failed to provide legally compliant meal periods to Plaintiff and Class Members throughout the class period. Class Members report that their meal periods were consistently late, short, or interrupted because of a heavy workload and/or a lack of coverage.[34] Defendant's policy required advance approval for employees to skip or delay a meal period.[35]

Although Class Members are compensated for their meal break times, they still recorded meal periods.[36] Out of time data provided for half of all Class Members, nearly 23% of all shifts included a meal period violation.[37]

---

[34] Comp. of Decl.: Salgado Decl. ¶ 6; Ortiz Decl. ¶¶ 6-8; Bullon Decl. ¶ 6; Law Decl. ¶ 7-8; Cisneros Mancillas Decl. ¶¶ 7-10; Marcus Decl. ¶ 5.
[35] Ex. 4, Defendant's 2017 Employee Handbook, Hyatt-Hasty 000780; Ex. 5, Defendant's 2023 Employee Handbook, Hyatt-Hasty 0066.
[36] Ex. 1, PMQ Caldwell Depo. at p. 62:3-63:6, 78:2-79:12 ("Meal breaks are paid").
[37] Ex. 2, Fried Decl. ¶ 10.

- 8 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*2. Law*

Meal breaks for the Class Members are governed by wage order No. 5–2001, codified as California Code of Regulations, title 8, section 11050. An employer must, in general terms, provide a 30–minute meal break in the first five hours of the workday and a second meal break for shifts over 10 hours. Cal. Code Regs., tit. 8, § 11050, subds. 11(A); Labor Code § 226.7(b); see *Brinker v. Superior Court,* 53 Cal.4th 1004, 1040 (2012).

Time records showing noncompliant meal periods raise a rebuttable presumption of meal period violations. *Donohue v. AMN Services, LLC*, 11 Cal. 5th 58, 74 (2021). **"If an employer's records show no meal period for a given shift over five hours, a rebuttable presumption arises that the employee was not relieved of duty and no meal period was provided." *Id*. at 74. To the extent the employer asserts that "the employee waived the opportunity to have a work-free break," the "burden is on the employer, as the party asserting waiver, to plead and prove it."** *Id*. (emphasis added)

Under the *Donohue* presumption, a plaintiff seeking certification satisfies his burden to establish commonality and predominance on a meal period claim by presenting class member time records reflecting presumptive meal period violations. *Estrada v. Royalty Carpet Mills, Inc.,* 76 Cal.App.5th 685, 720 (2022).

Defendant's records show widespread meal period violations, establishing commonality and predominance under *Donohue* and *Estrada.*

**E.      Unlawful Deduction Subclass**

*1. Facts*

Throughout the Class Period, Defendant maintained a uniform payroll practice of deducting wages from employees without authorization. Defendant's pay data reflect "OTHER (OT YES)" amounts being deducted from 64 employees' wages.[38] Defendants unlawfully removed and made deductions of said wages from Class Members' pay without permission and

---

[38] Ex. 2, Fried Decl. ¶ 21.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

authorization.[39] These deductions were taken directly from wages earned by employees in the total amount of $22,285.[40]

Defendant was unable to identify what this deduction was for or provide any justification for taking wages earned from Class Members' pay.[41] Defendant also does not know if there was a written policy explaining this deduction from employees' wages.[42]

2.    Law

"[W]ages must at least be paid to an employee 'for all hours worked.'" *Camp v. Home Depot U.S.A., Inc*., 84 Cal. App. 5th 638, 648 (2022) (quoting the applicable wage order). An employer who collects or receives any part of wages without authorization violates Labor Code § 221. The statue "was adopted to prevent the use of secret deductions or 'kickbacks' to make it appear the employer is paying a required or promised wage, when in fact it is paying less." *Prachasaisoradej v. Ralphs Grocery Co.*, 42 Cal. 4th 217, 231 (2007). Its enactment is "declarative of a strong public policy against fraud and deceit in the employment relationship." *Hudgins v. Neiman Marcus Grp., Inc.,* 34 Cal. App. 4th 1109, 1118–19 (1995). Indeed, even in the absence of fraud, "the Legislature has recognized the employee's dependence on wages for the necessities of life and has, consequently, disapproved of unanticipated or unpredictable deductions because they impose a special hardship on employees." *Id*. at 1119.

**F.    Inaccurate Wage Statement Subclass**

Defendant paid Class Members according to their rounded hours, not their actual hours worked, and did not pay employees for work performed off the clock. As such, Defendant provided inaccurate wage statements. For example, during the pay period ending April 1, 2023, Plaintiff Hasty worked a total of 72.06 hours.[43] However, his wage statement shows his "hours worked" as 71.50.[44] The "total wages earned" is also inaccurately reported on this wage

---

[39] Hasty Decl.  ¶ 12.
[40] Ex. 2, Fried Decl. ¶ 21.
[41] Ex. 1, PMQ Caldwell Depo. at p. 72:10-15.
[42] Ex. 1, PMQ Caldwell Depo.at p. 74:3-6.
[43] Ex. 2, Fried Decl. ¶ 15.
[44] Ex. 6, Hasty Wage Statement, Hyatt-Hasty 0450.

- 10 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

statement because he was underpaid by $18.69.[45]

If Plaintiff prevails on any of the underlying rounding or off the clock claim, he will prevail on the derivative Labor Code § 226 claim, because Defendant did not accurately report the class members' hours worked, wages due, and/or related penalties. Wage statements for all Class Members were issued in the same format.[46]

Labor Code § 226(a) requires every employer, semimonthly or at the time of each payment of wages, to furnish each of its employees an accurate itemized statement in writing showing, among other things, total hours worked by the employee, all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate. The only triable issue of this derivative claim is whether the violation of § 226 was knowing and intentional, which can be decided on a class wide basis by demonstrating that Defendant was "aware of the factual predicate underlying the violation[s]." *Novoa v. Charter Commc'ns, LLC*, 100 F.Supp.3d 1013, 1028 (E.D. Cal. 2015).

### G.    17200 Subclass

The Bus. & Prof. Code § 17200 claim is also derivative. *Smith v. Ford Motor Company*, 749 F.Supp.2 980, 997 (N.D. Cal. 2010) (claim brought under unlawful prong of UCL rises or falls with underlying statutory claim). Business & Professions Code §17200 provides that if a Defendant has engaged in unlawful, unfair, and/or fraudulent business acts or practices, employees can obtain restitution for such violations. As such, if Defendant's wage and hour policies are illegal, Defendant will therefore be liable for unpaid restitution for these violations.

## IV.    CLASS CERTIFICATION ANALYSIS

### A.    The standards of Rule 23(a) are met.

Federal Rule of Civil Procedure Rule 23 governs class actions. A party seeking class certification must demonstrate the following prerequisites: "(1) numerosity of plaintiffs; (2) common questions of law or fact predominate; (3) the named plaintiff's claims and defenses are

---

[45] Ex. 6. Hasty Wage Statement, Hyatt-Hasty 0450.
[46] Ex. 1, PMQ Caldwell Depo. at p. 72:3-9.

- 11 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

typical; and (4) the named plaintiff can adequately protect the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). (citing Fed. R. Civ. P. 23(a)). The party may not rest on mere allegations but must provide facts to satisfy these requirements. *Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977). Although not mentioned in Rule 23(a), the moving party must also demonstrate that the class is ascertainable. *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 521 (C.D. Cal. 2012).

After satisfying these five prerequisites, a party must also demonstrate either: (1) a risk that separate actions would create incompatible standards of conduct for the defendant or prejudice individual class members not parties to the action; or (2) the defendant has treated the members of the class as a class, making appropriate injunctive or declaratory relief with respect to the class as a whole; or (3) common questions of law or fact predominate over questions affecting individual members and that a class action is a superior method for fairly and efficiently adjudicating the action. Fed. R. Civ. P. 23(b)(1-3).

### 1. The Class is numerous and easily ascertainable.

Rule 23(a)(1) requires the class to be so numerous that joinder of individual class members is impracticable. See Fed. R. Civ. P. 23(a)(1). Courts will presume impracticability of joinder with as few as 40 members. *Torres v. Air to Ground Services, Inc.*, 300 F.R.D. 386, 398 (C.D. Cal. 2014). Here, there are at least 750 Class Members.[47] This satisfies the numerosity requirement.

Further, membership in the class is readily ascertainable. *Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 593 (E.D.Cal. 2008) (it must be "'administratively feasible' for the court to determine individual class membership"). All proposed class members are determinable directly from Defendant's own records by objective criteria.

Notably, Defendant does not contend that the proposed class lacks numerosity or

---

[47] Ex. 3, Defendant's response to Plaintiff's Interrogatories, Set One.

- 12 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

ascertainability.[48]

### 2. *Common questions predominate.*

Courts have construed Rule 23(a)(2)'s commonality requirement permissively. *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The "claims must depend on a common contention" and "[t]hat common contention...must be of such a nature that it is capable of class-wide resolution-which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011).

Notably, Defendant does not contend that the proposed class lacks commonality.[49]

    a)    <u>Rounding</u>

        i.    <u>*Defendant's rounding policy is unlawful on its face because Defendant can and has captured actual work times without compensating therefor.*</u>

The question to be adjudicated here is simple: Is Defendant's rounding policy legal under *Camp* and *Woolworth*? Plaintiff's facial challenge to the rounding policy is eminently suited to class treatment. *Brinker Rest. Corp. v. Superior Court,* 53 Cal. 4th 1004, 1033 (2012) ("Claims alleging that a uniform policy consistently applied to a group of employees is in violation of the wage and hour laws are of the sort routinely, and properly, found suitable for class treatment.").

Further, Defendant's time records likewise establish commonality and predominance. *Donohue*, 11 Cal.5th at 58. The rationale underlying the rebuttable presumption announced in *Donohue* "derives from an employer's duty to maintain accurate records." *Donohue,* 11 Cal.5th at 76. *Donohue* relied on an employer's duty to maintain accurate records of meal periods found

---

[48] Ex. 8, Def.'s Responses to Interrogatories, Set Two, No. 8.
[49] Ex. 8, Def.'s Responses to Interrogatories, Set Two, No. 8.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

in the wage order, section 7(A)(3). Cal. Code Regs., tit. 8, § 11050(7)(A)(3). The applicable wage order here contains identical language. Cal. Code Regs., tit. 8, § 11050(7)(A)(3). That **very same section** requires employers to "keep accurate information with respect to each employee including … [¶] ... [¶] … Time records showing when the employee begins and ends each work period." *Id.*

Employers are required to maintain accurate records of hours worked, and accurate records are essential for enforcement purposes. *Donohue,* 11 Cal.5th at 74-77. As such, when an employer contends that its records do not accurately show when an employee begins each work period, that employer bears the burden of proving compliance with wage and hour requirements. See *id.* at 76-77. The employers must also provide evidence to rebut any presumption of liability arising from inaccurate records. *Id.*

"*Donohue*'s rebuttable assumption [] plays an important role in this Court's consideration of class-certification under Rule 23." *Santillan v. Verizon Connect, Inc.*, No. 3:21-CV-1257-H-KSC, 2022 WL 4596574, at *13 (S.D. Cal. June 13, 2022). Because Defendant's records show that Class Members were clocked in and not paid for that time, there is a rebuttable presumption that the Class Members were underpaid. This rebuttable presumption establishes commonality and predominance.

ii.    *Defendant's anticipated defense is an employer-focused inquiry that can be tried on a classwide basis.*

"California's compensable-time standard encompasses two categories of time. First, time is compensable if an employee is 'under the control' of his or her employer, whether or not he or she is engaging in work activities, such as by being required to remain on the employer's premises or being restricted from engaging in certain personal activities." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1010 (9th Cir. 2018) (citing *Morillion v. Royal Packing Co.,* 22 Cal. 4th 575 (2000); *Aguilar v. Ass'n. of Retarded Citizens,* 234 Cal. App. 3d 21, 285 (1991)). Second, time is also compensable if "the employee is suffered or permitted to work, whether or not required to do so." *Id.* (citation modified).

"[A]n employee who is *subject to the control* of an employer does not have to be working

- 14 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

during that time to be compensated under the applicable wage order." *Frlekin v. Apple Inc.,* 8 Cal.5th 1038, 1046 (2020). This is the exact issue addressed in *Sali v. Corona Regional Medical Center* 909 F.3d 996, 1010–1011 (9th Cir. 2018). There, the Ninth Circuit held that, the "'employer control' question necessarily requires an employer-focused inquiry into whether [an employer] had a policy or practice that restricted [class members] in a manner that amounted to employer control during the period between their clock-in and clock-out times and their rounded shift-start and shift-end times." *Id*. The Court acknowledged that "[t]he types of activities class members] generally engaged in during this period are certainly relevant, but the activities of any particular [class member] are not dispositive of whether he or she was under [the employer's] control." Accordingly, the court concluded, "Determination of this question does not depend on individualized factual questions and is capable of class-wide resolution." *Id.*

Plaintiff anticipates that Defendant will argue that whether each employee began working when he or she clocked in will require individual inquiries. Notably, however, exactly as in *Sali,* here, whether class members were subject to Defendant's control is an employer-focused inquiry. At trial, Plaintiff can put on class-wide evidence of Defendant's corporate written policies and testimony of witnesses to demonstrate that Class Members are under Defendant's control from the time they clock in until they clock out.

b)      Meals

For the meal period class, liability will hinge on the presumption that the non-compliant meal periods reflected in Defendant's records establish meal period violations as addressed above. This claim is subject to common documentary proof of every class member who missed a meal period.

Although Defendant may argue that each facial violation will have to be analyzed to determine the reason why it occurred, Defendant's failure to record the reason why a class member suffered a violation cannot defeat certification. "[W]here the employer has failed to keep records required by statute, the consequences for such failure should fall on the employer, not the employee." *Hernandez v. Mendoza* 199 Cal.App.3rd 721, 727 (1988). A defendant's "failure in record management, if any, or the difficulty in compiling precise records does not

- 15 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

defeat class certification." *Taylor v. Fedex Freight Inc.*, No. 13-CV-1137-LJO-BAM, 2015 WL 2358248, at *16 (E.D. Cal. May 15, 2015); *Arredondo v. Delano Farms Co.*, 301 F.R.D. 493, 545 (E.D.Cal. Feb.21, 2014)("Class action litigation grows out of systemic failures of administration, policy application, or records management ... to allow the same systemic failure to defeat class certification would undermine the very purpose of class action remedies."). Especially because Defendant's policy required advance approval for employees to skip or delay a meal period, the duty to record the reason for a late, missed, or short meal period falls on Defendant.

Further, "even assuming some employees voluntarily elected to forego their meal breaks during the relevant class period, common issues of law and fact would still predominate." *McCollum v. TGI Fridays Inc.*, No. 8:22-CV-00392-FWS-JDE, 2024 WL 5423064, at *12 (C.D. Cal. Mar. 6, 2024). Defendant can attempt to rebut the Donohue presumption through common proof in the form of representative testimony, surveys, and statistical analysis. *Donohue*, 11 Cal. 5th at 77; see, e.g., *Morgan v. Rohr, Inc.,* 2023 WL 8813171, at *3 (C.D. Cal. Dec. 20, 2023) ("Defendants' attempt to rebut the presumption of liability may be resolved through a review of the representative testimony that Defendants have presented ... along with bargaining agreements, written orders, and training materials that were common to the class ... [and] consistent with a manageable class-wide determination of liability") (cleaned up); *Santillan v. Verizon Connect, Inc.*, 2022 WL 4596574, at *14 (S.D. Cal. June 13, 2022) ("The viability of [Defendant's] affirmative defense is subject to classwide resolution because the evidence is common to all class members.").

That Defendant may ultimately identify some class members who elected to waive their meal breaks is insufficient to defeat commonality or predominance at this stage. *Garcia v. Cent. Coast Restaurants, Inc.,* No. 18-CV-02370-RS, 2022 WL 657972, at *6 (N.D. Cal. Mar. 4, 2022) (a handful of class member declarations stating that they voluntarily waived their meal periods is not sufficient to defeat commonality at certification stage).

c)  Off-the-Clock

Whether employees waiting in line to clock in were subject to Defendant's control

- 16 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

presents a common question that can be resolved as to all class members because the answer turns on Defendant's uniform timekeeping procedures, not on individualized employee conduct. Unlike some off-the-clock claims where liability turns on whether the defendant knew the off-the-clock work was occurring, which would involve individualized issues (see, e.g., *Brinker Rest. Corp.*, 53 Cal. 4th at 1051–52 (liability would be contingent on proof Brinker knew or should have known off-the-clock work was occurring), here, liability will turn on the *Frlekin* factors, which are all employer-focused and based on Defendant's policies. *Taylor v. Fedex Freight, Inc.*, No. 13-CV-1137-LJO-BAM, 2015 WL 2358248, at *11 (E.D. Cal. May 15, 2015) (proof of a defendant's uniform policy "is not plagued by individual inquiry, but is often sufficient to satisfy the predominance requirement").

Specifically, Plaintiff will show that waiting in line was mandatory because Defendant required employees to clock in, did not provide sufficient time clocks, and specified which time clock employees could use without regard to bottlenecks. Plaintiff will also establish that, because Class Members were required to clock in nearest their workstation, they were necessarily confined to the premises. Finally, common proof will demonstrate that Defendant was the primary beneficiary of its policies that Class Members were subject to discipline for clocking in even one minute late, causing congestion leading up to the shift start times, and that Class Members clocked in closest to their workstations so Defendant did not pay for any non-productive travel time.

### d)     Deductions

Liability regarding the OTHER (OT YES) deduction can be shown via common proof of the unpaid wages listed under that pay code. *ABM Indus. Overtime Cases,* 19 Cal. App. 5th 277, 298 (2017) (holding that timekeeping and payroll records can "be used as a means to show common practices for purposes of class certification"); *McKenzie v. Fed. Exp. Corp.,* 275 F.R.D. 290, 296 (C.D. Cal. 2011) (employee records provide common proof). This claim presents a common question of whether this pay code reflected an authorized deduction.

### e)     Derivative Claims

If Plaintiff proves any of the above claims, then there is no dispute that Defendant issued

- 17 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

inaccurate wage statements and failed to pay all final wages owed.[50]

Regarding wage statements, an employee is *deemed* to have suffered injury if he cannot "promptly and easily determine…any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)." Labor Code § 226(e)(2)(B)(i). This "other information" includes "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…" Labor Code § 226(a)(9). Notably, whether an employee can "promptly and easily determine" the listed information is judged according to the "reasonable person" standard, not according to the individual employee. Labor Code § 226(e)(2)(C).

Defendant's knowing and intentional violation of section 226 can be decided on a class wide basis by demonstrating that Defendant was "aware of the factual predicate underlying the violation[s]." *Novoa v. Charter Commc'ns, LLC,* 100 F.Supp.3d 1013, 1028 (E.D. Cal. 2015). This does not require individualized inquiries, as Defendant just needs to be aware of its own policies.

Unfair competition under Business & Professions Code § 17200, et seq., is also a derivative claim. *Smith v. Ford Motor Company,* 749 F.Supp.2 980, 997 (N.D. Cal. 2010) (claim brought under unlawful prong of UCL rises or falls with underlying statutory claim). Business & Professions Code §17200 provides that if a Defendant has engaged in unlawful, unfair and/or fraudulent business acts or practices, employees can obtain restitution for such violations. As such, if Defendant's wage and hour policies are illegal, Defendant will therefore be liable for unpaid restitution for these violations.

### 3.    *Typicality is satisfied.*

Typicality is assessed under Rule 23(a)(3) by determining whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct. *Hanon*, 976 F.2d at 508.

---

[50] Hasty Decl. ¶ 11.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

During his tenure with Defendant, Plaintiff was a non-exempt, hourly-paid employee, subject to Defendant's policies like all other non-exempt employees.[51] Ergo, Plaintiff's interests align with those of the Class and Subclasses.

Plaintiff anticipates that Defendant will argue that Plaintiff is not typical of non-union Class Members. However, this is a distinction without a difference. None of Plaintiff's claims rely on provisions of the collective bargaining agreement. Further, typicality does not focus on "the specific facts from which [the claim] arose or the relief sought." *Hanon,* 976 F.2d at 508. Because "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability," *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010), typicality is satisfied.

Notably, Defendant does not contend that Plaintiff is not typical.[52]

### 4.    *Adequacy is satisfied.*

Under Rule 23(a)(4), the named plaintiff must be deemed capable of adequately representing the interests of the entire class, including absent class members. *See* Fed. R. Civ. P. 23(a)(4) (requiring "representative parties [who] will fairly and adequately protect the interests of the class").

The adequacy inquiry turns on: (1) whether the named plaintiff and class counsel have any conflicts of interest with other class members and (2) whether the representative plaintiff and class counsel can vigorously prosecute the action on behalf of the class.  *See Ellis v. Costco Wholesale Group*, 657 F.3d 970, 985 (9th Cir. 2011). Plaintiff is not aware of any conflicts between himself and the proposed class, and he has agreed to put the interests of the Class Members before his own interests.[53]  Plaintiff is an adequate class representative because he has personal experience with the claims of the lawsuit and is familiar with the underlying facts.[54]

---

[51] Hasty Decl. ¶¶ 2-13.
[52] Ex. 8, Def.'s Responses to Interrogatories, Set Two, No. 8.
[53] Hasty Decl. ¶¶ 16-19.
[54] Hasty Decl. ¶¶ 2-12, 15.

- 19 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiff commits to participating in the litigation to its resolution.[55]

Notably, although Defendant contends that Plaintiff is inadequate, the only "facts" Defendant asserts in support is that he lacks "evidentiary support" regarding the merits of the claims.[56] However, "evidentiary support" regarding liability is not a prerequisite to adequacy.

Plaintiff's counsel have experience in California wage-and-hour class action suits and have been found to be qualified class counsel by numerous courts.[57]

### B.      The Standards of Rule 23(b)(1) and (3) Have Been Met

Of the three possible bases for certification under Rule 23(b), Plaintiff seeks certification under Rule 23(b)(1) and/or (3).

#### 1.      *Rule 23(b)(1)*

Rule 23(b)(1) provides that a class may be certified if there exists a risk of inconsistent or unfair adjudication. In a class context, a single court can determine whether Defendant's policies are legal; if different courts were to make that determination, the results could vary. Moreover, the filing of numerous separate lawsuits by individual employees is likely if this Motion is not granted. *In re Integra Realty Resources, Inc.*, 354 F.3d 1246 (10th Cir. 2004). Here, if the Court does not certify this case, there will undoubtedly be individual lawsuits filed, which will subject the parties to the risk of inconsistent or unfair adjudication. This Court should review the threat of multiple suits as more than simply an abstract concept as the existence of numerous Class Members may produce a substantial number of litigants bringing actions identical to this. This reality underlies the "strong public policy favoring class actions as a means to prevent a failure of justice in our legal system." *Linder v. Thrifty Oil Co.*, 23 Cal.4th 429, 434 (2000). Having one factfinder rule that Defendant's policies and practices are illegal and another potentially ruling the opposite confirms the risk of inconsistent or unfair adjudication.

///

///

---

[55] Hasty Decl. ¶¶ 14-19.
[56] Ex. 8, Def.'s Responses to Interrogatories, Set Two, No. 8.
[57] Declaration of Natalie Haritoonian ("Haritoonian Decl.") ¶¶ 2-10.

- 20 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

### 2. Rule 23(b)(3)

#### a) Predominance

The analysis under Rule 23(b)(3) "presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2)." *Hanlon*, 150 F.3d at 1022. "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Id.* Rule 23(b)'s requirement that common issues of law or fact predominate over individual issues is similar to, but more stringent than Rule 23(a)'s commonality requirement. *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013) ("Rule 23(b)'s predominance criterion is even more demanding than Rule 23(a)…Rule 23(b) requires that courts 'take a "close look' at whether common questions predominate over individual ones.") (citation omitted). The focus in the predominance inquiry is "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *In re Wells Fargo Home Mortg. Overtime Pay Litigation*, 571 F.3d 953, 957 (9th Cir. 2009) (quotation omitted). Class certification under Rule 23(b)(3) is proper when common questions in a significant portion of the case can be resolved for all members of the class in a single adjudication. *Hanlon*, 150 F.3d at 1022.

Here, whether Defendant's policies and practices regarding rounding, meals, off-the-clock, and deductions are lawful are the predominate questions. Any contention that individualized issues regarding the reasons why Class Members' time punches or meal periods were non-compliant fails under the *Donohue* presumption because Defendant's failure to keep records cannot defeat certification. Further, the common questions related to Defendant's time clock policies and failure to provide sufficient time clocks predominate any individualized inquiries regarding the off-the-clock claim. Likewise, the employer-focused inquiry regarding the justification for the deduction of earned wages from Class Members' pay and the legality thereof predominates over any individual issues.

Regarding the derivative claims, the conclusion is the same. These claims are derivative of the underlying rounding claim and therefore, if Plaintiff's other claims can be tried on a class-wide basis, these claims are also ripe for class adjudication. *Dilts v. Penske Logistics, LLC,* 267 F.R.D. 625, 640 (S.D. Cal. 2010).

- 21 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Finally, in a wage-and-hour case, the potential need for damages to be established on an individual basis does not defeat predominance and therefore is not a basis for denying class certification. *Vaquero v. Ashley Furniture Industries, Inc*., 824 F.3d 1150 (9th Cir. 2016). Defendant's own time and pay records provide a reliable evidentiary foundation upon which all the claims in this case can and should be tried. Both liability and damages can be managed through analysis of Defendant's records.

*b)*    <u>Superiority</u>

Rule 23(b)(3) requires the Court to find "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. 23(b)(3). The superiority requirement tests whether "class-wide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc*., 97 F.3d 1227, 1234 (9th Cir. 1996). The superiority element looks at whether there is pending similar litigation, whether class members have any interest in individually controlling separate actions, and the possible result of multiple actions. *Alfred v. Pepperidge Farm, Inc.,* 322 F.R.D. 519, 551 (C.D. Cal. 2017).

Here, Plaintiff is not aware of similar pending litigation. There is no evidence that individual class members have any interest in individually controlling their cases. The damages suffered by each class member are not large, "class members may fear reprisal in pursuing individual claims against their employer," and "individual litigation against a well-funded defendant would be cost prohibitive." *Campbell v. PricewaterhouseCoopers*, *LLP*, 253 F.R.D. 586, 605 (E.D. Cal. 2008). Further, multiple actions would be costly, inefficient, and could lead to conflicting results. A class action is, therefore, a superior method of resolving the Class Members' claims because it will "achieve economies of time, effort, and expense… without sacrificing procedural fairness or bringing about other undesirable results." *Boyd v. Bank of Am. Corp*., 300 F.R.D. 431, 444 (C.D. Cal. 2014).

*c)*    <u>Manageability</u>

Liability and damages in this case can be tried based upon the common facts and policies related to the claims and based on Defendant's own objective records. Plaintiff's theories of

- 22 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

liability—that Defendant has uniform policies and practices regarding the claims asserted—by their nature involve a common question eminently suited for class treatment. Through objective testimony and documentary evidence, class treatment is warranted.

Liability will be determined by Defendant's own records, which show that Class Members' punch-in times were rounded in favor of Defendant, compliant meal periods were not provided, Class Members were not paid for any time before they clocked in, and earned wages were taken from their pay. Liability for these violations, as well as the derivative claims, can be established through Defendant's records, including payroll records, time records, and written policies.

Total damages for the Class Members will also be determined from these records. Rounding damages will be assessed by analyzing raw punches and contrasting them to rounded time and payroll.[58] Meal period damages can be assessed by multiplying the number of shifts evidencing a violation by the statutory penalty equal to one hour at the employee's regular rate of pay, offsetting any meal period premiums paid.[59] The Deductions damages can easily be determined based on documentary proof of the deductions in payroll records.[60] The wage statement penalties will be based on the number of wage statements that were inaccurate and the number of employees who suffered violations during the statutory period.[61]

It is well established that Plaintiff need not prove each individual Class Members' damages but instead can prove aggregate class damages. "Due process does not prevent calculation of damages on a classwide basis…In many cases such an aggregate calculation will be fare more accurate than summoning all individual claims." *Bruno v. Superior Court,* 127 Cal.App.3d 120, 129 fn. 4 (1981). Establishing "aggregate proof of the defendant's monetary liability promotes the deterrence objectives of the substantive laws underlying the class actions and promotes the economic and judicial access for small claims objectives of Rule 23." *Bell v.*

[58] Ex. 2, Fried Decl. ¶ 24.
[59] Ex. 2, Fried Decl. ¶ 26.
[60] Ex. 2, Fried Decl. ¶ 27.
[61] Ex. 2, Fried Decl. ¶ 28.

- 23 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Farmers Ins. Exchange,* 115 Cal.App.4th 715, 749-53 (2004). Aggregate damages for the off-the-clock claim will promote efficiency.

In short, Plaintiff's claims are well suited for class treatment.

**V.    CONCLUSION**

Each of the 750 putative Class Members could conceivably bring an individual case for the claims alleged in this action. This is precisely the kind of case that merits certification.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion in its entirety.

Dated: June 15, 2026                    D.LAW, INC.

By:  /s/ Natalie Haritoonian
Natalie Haritoonian, Esq.
Andrea A. Amaya Silva, Esq.
Attorneys for Plaintiff, Bradley J. Hasty

- 24 -

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**