UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY J. HASTY,<br>Plaintiff,<br>v.<br>HYATT CORPORATION,<br>Defendant. | Case No. 25-cv-02662-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 43 |

Bradley J. Hasty seeks to certify one general class, four claim-specific subclasses, and two derivative classes in this wage-and-hour putative class action against Hyatt Corporation, doing business as Hyatt Regency San Francisco. He seeks class certification under Federal Rules of Civil Procedure 23(b)(1) and 23(b)(3). For the reasons described below, Hasty's motion is **GRANTED IN PART** as to the Rounding Class, who may bring derivative claims on a classwide basis, and otherwise **DENIED**. This order assumes the reader's familiarity with the facts of the case, the applicable legal standards, and the parties' arguments.

***Rule 23(b)(1).*** Rule 23(b)(1) allows class certification where there is a risk of inconsistent judgments or when one judgment would practically dispose of another plaintiff's claims. "Certification under Rule 23(b)(1)(A) is . . . not appropriate in an action for damages" because simply paying different amounts to different individuals does not risk establishing incompatible standards of conduct. *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1193 (9th Cir. 2001) (citations omitted). The same is generally true under Rule 23(b)(1)(B). *McDonnell-Douglas Corp. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 523 F.2d 1083, 1086 (9th Cir. 1975). Rule 23(b)(1)(B) applies when a case would "as a practical matter be dispositive of the interests" of nonparty class members or "substantially impair or impede their ability to protect their

interests," such as in "'limited fund' cases" where "numerous persons make claims against a fund insufficient to satisfy all claims." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (citations omitted). To the extent that the operative complaint's request for injunctive relief could support certification under Rule 23(b)(1), Hasty's motion does not reference that request or explain how it supports certification, so he has not "affirmatively demonstrate[d] his compliance with the Rule." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Accordingly, Hasty's proposed classes are only evaluated under Rule 23(b)(3).

***Rounding Class.*** Certification is granted as to the Rounding Class. As Hyatt does not contest, Hasty has established numerosity, because the rounding policy applied companywide until early 2024 and there are 750 putative general class members. (*See* Dkt. No. 44-1 at 20; Dkt. No. 44-3 at 3; *Conriquez v. Cushman & Wakefield U.S., Inc.*, No. 22-CV-02734-RFL, 2026 WL 2883395, at *10 (N.D. Cal. Sept. 24, 2026) (citation omitted).)[1] There are several questions of law or fact common to the class, including whether Hyatt had a rounding policy, whether that policy was unlawful, and whether it injured employees. Hasty has also established adequacy since he has no apparent conflicts of interest, has been actively involved in the litigation, and is represented by counsel experienced in wage-and-hour litigation. *See Kim v. Allison*, 87 F.4th 994, 1000 (9th Cir. 2023). As to the Rule 23(b)(3) requirement of superiority, "[l]itigation by class action has long been recognized as a superior method of resolving wage and hour claims." *See Conriquez*, 2026 WL 2883395, at *10 (citation omitted).

Hasty has established that common questions will predominate over individual ones. He contends that under *Camp v. Home Depot U.S.A., Inc.*, 84 Cal. App. 5th 638, 656–61 (2022), and *Woodworth v. Loma Linda Univ. Med. Ctr.*, 93 Cal. App. 5th 1038, 1054–59 (2023), neutrality cannot save Hyatt's rounding policy. The validity of that theory is a merits question that does not need to be decided at this stage. *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). That is because Hasty need only show that the evidence will generate common

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

answers apt to drive the resolution of the litigation, not that those common answers will be, "on the merits, in favor of the class." *See id.* at 459. The class's claims will rise or fall together depending on the validity of Hasty's theory. *See id.* at 459–60. The claims will also require proof of employer control, but Hasty has presented undisputed evidence that employees are not permitted to leave or engage in personal activities after clocking in. (*See, e.g.*, Dkt. No. 43-1 ¶ 7; Dkt. No. 44-5 at 4; Dkt. No. 45-4 ¶ 6.) Since this is an "employer-focused inquiry," there should not need to be individualized inquiries into whether class members followed that policy and only engaged in work activities after clocking in. *See Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1010–11 (9th Cir. 2018). And while class members may have been injured to different degrees by the rounding policy, "disparities in how or by how much they were harmed [do] not defeat class certification." *See Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1168 (9th Cir. 2014) (citation omitted); *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013).

Even though Hyatt contends that Hasty was paid for more hours than he worked, he still has Article III standing and is still typical of the class. It is undisputed that Hyatt's rounding sometimes resulted in Hasty being underpaid for a pay period. (*See* Dkt. No. 47-1 ¶ 15.) That is a prototypical wallet injury, so he has Article III standing to assert this claim. *See Robbins v. Phillips 66 Co.*, No. 18-CV-00292-RS, 2024 WL 3550902, at *8 (N.D. Cal. June 14, 2024). Whether Hyatt could lawfully underpay Hasty at certain times so long as he was paid for at least the number of hours he worked is a question that goes to the merits, not one of standing. *See Kirola v. City & Cnty. of San Francisco*, 860 F.3d 1164, 1175 (9th Cir. 2017). And as to typicality, between 38.8% and 98.6% of class members are similarly situated to Hasty. (*See* Dkt. No. 44-2 ¶ 20; Dkt. No. 47-1 ¶ 18.) One could hardly say that a defense premised on those facts would be unique to Hasty. *See DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1238 (9th Cir. 2024).

***Off-the-Clock Class.*** Hasty has not established commonality or predominance as to this class. Hyatt's policies prohibit off-the-clock work, so Hasty relies on five declarations from putative class members attesting that they must wait in line to clock in. (Dkt. No. 45-1 ¶ 5; Dkt.

No. 45-2 ¶ 5; Dkt. No. 45-4 ¶ 5; Dkt. No. 45-5 ¶ 5; Dkt. No. 45-6 ¶ 5.) Given that there are approximately 750 putative class members across 26 different departments, 11 timeclocks, and multiple shifts per day, five individuals' experiences are insufficient to constitute "significant proof" of a company-wide practice. (*See* Dkt. No. 44-3 at 3; Dkt. No. 47-1 ¶¶ 9, 19–20; *Conriquez*, 2026 WL 2883395, at *2 (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 & n.7 (9th Cir. 2011).) Moreover, most of those putative class members attested that they did not always have to wait in line. (*See, e.g.*, Dkt. No. 45-4 ¶ 5 ("Sometimes at Hyatt I have to wait in a line to clock in."); Dkt. No. 45-6 ¶ 5 ("a couple times a week").) Hasty has not proposed any classwide method to determine who had to wait in line, for how long, and at what frequency. As a result, determining if a putative class member was injured would require "a time-intensive mission to figure out the individual circumstances of each proposed class member." *See Miles v. Kirkland's Stores Inc.*, 89 F.4th 1217, 1225 (9th Cir. 2024). Those individualized issues would predominate over any common issues.

***Meal Period Class.*** Hasty has not established commonality or predominance as to the Meal Period Class. To show common evidence of meal break violations, Hasty relies on the *Donohue* presumption, which "directly concerns the merits of a meal break claim 'for a given shift,' and when the presumption applies, it flips the burden from an employee affirmatively proving their claim to an employer affirmatively proving their defense." *Conriquez*, 2026 WL 2883395, at *3 (quoting *Donohue v. AMN Servs., LLC*, 11 Cal. 5th 58, 74 (2021)). He presents evidence that 22.6% of a sample of shifts had a facial meal period violation. (Dkt. No. 44-2 ¶ 10.) Hyatt contends that it can rebut most facial violations based on clock-out attestations, which would drop the violation rate to 4.1%. (Dkt. No. 47-1 ¶ 23.) Even assuming that the true violation rate is 22.6%, that is not significant proof of a companywide practice of denying meal breaks in the absence of other evidence of such a practice. *See Conriquez*, 2026 WL 2883395, at *2, *4 (holding that 10% violation rate was inadequate). Since the *Donohue* presumption applies only for individual shifts, it cannot bridge Hasty's evidentiary gaps. *See id.* at *4.

***Unlawful Deduction Class.*** Hasty has not established commonality or predominance as

to this class. Hasty presented the following evidence: (1) 64 employees, including Hasty, had "OTHER (OT YES)" deductions; (2) Hyatt "made deductions to [Hasty's] wages without [his] authorization"; and (3) Hyatt's Rule 30(b)(6) deponent did not recall what the code meant, and did not believe there was a written policy explaining it. (Dkt. No. 43-1 ¶ 12; Dkt. No. 44-1 at 16–17; Dkt. No. 44-2 ¶ 21; Dkt. No. 44-6.) That is not significant proof that Hyatt has a companywide practice of using the "OTHER (OT YES)" code to make unauthorized deductions from employee's wages. *See Conriquez*, 2026 WL 2883395, at *2 (citation omitted). Without that common evidence of liability, Hasty proposes looking at Hyatt's business records to determine if each putative class member consented to the deduction, but that is the type of highly individualized inquiry that precludes predominance. *See Miles*, 89 F.4th at 1225.

***General and Derivative Classes.*** Since only one class has been certified, it is unnecessary to certify a general class and subclasses. Additionally, "any additional claims of [Hasty's] that are derivative of [his rounding claims] will be decided on a classwide basis," including his inaccurate wage statement and UCL claims. *See Conriquez*, 2026 WL 2883395, at *11 (citation omitted). There is accordingly no need to certify distinct subclasses as to those claims, either.

***Conclusion.*** Hasty's motion is **GRANTED** as to the Rounding Class and **DENIED** as to all other classes. The following class is certified:

> All current and former hourly-paid, non-exempt employees who worked for Defendant within the State of California at any time from four years prior to filing this lawsuit whom Defendant paid based on rounded time rather than actual hours worked.

(*See* Dkt. No. 43 at 2.) Bradley J. Hasty is appointed as class representative. Natalie Haritoonian and Andrea A. Amaya Silva of D.Law, Inc. are appointed as class counsel.

**IT IS SO ORDERED.**

Dated: October 30, 2026



RITA F. LIN
United States District Judge